1

2

3

4

5

6              **UNITED STATES DISTRICT COURT**

7                    EASTERN DISTRICT OF CALIFORNIA

8

9    KELVIN X. SINGLETON,                    1:08-cv-00095-AWI-GSA-PC

10                    Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING THAT PLAINTIFF'S
11         v.                                MOTIONS FOR PRELIMINARY INJUNCTIVE
                                             RELIEF AND REQUEST FOR APPOINTMENT
12   A. HEDGEPATH, et al.,                   OF COUNSEL BE DENIED

13                    Defendants.            (Docs. 11, 13, 19.)
     _____/
14

15   **I.      BACKGROUND**

16         Plaintiff Kelvin X. Singleton ("plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January

18   18, 2008.  (Doc. 1.)  On November 18, 2008, the court screened plaintiff's complaint and issued an

19   order requiring plaintiff to amend the complaint to comply with Federal Rule of Civil Procedure

20   18(a).  (Doc. 12.)  On December 9, 2008, plaintiff filed an amended complaint against defendants

21   A. Hedgepath, S. Lopez, A. Youssef, M. Ali, M. Wright-Pearson, Dr. A. Akanno, Dr. Qamar, Dr.

22   Vasquez, and John/Jane Doe, for violating his rights to adequate medical care under the Eighth

23   Amendment.  (Doc. 14.)  The court screened the amended complaint and, concurrently with this

24   order, issues an order for plaintiff to either (1) file a second amended complaint or (2) notify the

25   court of his willingness to proceed only on the claims found cognizable by the court.

26         On October 2, 2008 and December 10, 2008, plaintiff filed motions for preliminary

27   injunction and for a temporary restraining order, respectively.  (Docs. 11, 13.)  Thereafter, plaintiff

28   filed a supplemental declaration in support of both motions on December 29, 2008.  (Doc. 19.)

                                             1

1    In the motion for preliminary injunction, plaintiff alleges that he was deprived of

2  medications and follow-up care for glaucoma, lower back pain, a blood disorder, a lymph node

3  disorder, and a potential weak artery.  Plaintiff requests a court order (1) requiring defendants to

4  provide plaintiff with the pain medication recommended by the specialist "in the attached report

5  [dated September 9, 2008] and chrono(s) [dated August 13, 2008] as recommended," (2) requiring

6  defendants to transfer him to a medical facility or other facility away from arsenic-infested water,

7  or in the alternative, to provide him with bottled water until June 2009, and (3) requiring defendants

8  to perform diagnostic testing to determine the cause of his blood disease and lymphoid hyperplasia.

9    In the motion for an "emergency" temporary restraining order, plaintiff alleges that since

10  December 2, 2008, he has been denied his medications for glaucoma and the blood disorder, he was

11  confined to Administrative Segregation due to a suspect lock-up order, his mail was tampered with,

12  and his property was confiscated.  Plaintiff requests that defendants be ordered to respond to the

13  allegations against them within thirty days of serving this motion.

14    In plaintiff's declaration in support of his motions, he asks the court to either appoint counsel

15  to litigate this case, or issue an order granting his motions for preliminary injunction and temporary

16  restraining order.

17  **II.      PRELIMINARY INJUNCTION**

18    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

19  so heavily favors the moving party that justice requires the court to intervene to secure the positions

20  until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S.

21  390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1)

22  a combination of probable success and the possibility of irreparable harm, or (2) that serious

23  questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air

24  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

25  demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the

26  plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must

27  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

28  Id.

1    The claims in this action arise from the alleged failure of defendants to provide plaintiff with

2    adequate medical care.  Specifically, plaintiff alleges in his amended complaint that defendants

3    delayed scheduling follow-up visits to the doctor, diagnostic testing, and medical treatment for his

4    painful and swollen left eye, for a partial loss of vision in his left eye, and for chronic lower back

5    pain, beginning on May 2, 2006.  Plaintiff alleges he suffered from loss of vision and pain that

6    disrupted his daily activities.  Plaintiff requested as relief money damages, declaratory relief, attorney

7    fees and court costs, and an injunction requiring defendants to perform the necessary level of care

8    needed for plaintiff's eye condition and back pain.

9    As set forth by the court in the Second Screening Order filed concurrently with these

10   Findings and Recommendations, "the court finds that plaintiff's amended complaint states

11   cognizable claims for relief under section 1983 against defendants S. Lopez , A. Youssef, M. Ali,

12   and M. Wright-Pearson for failure to provide adequate medical care under the Eighth Amendment,"

13   based on the alleged conduct by defendants between May 2, 2006 and January 18, 2008.  (Second

14   Screening Order at 13:5-8.)  Allegations that plaintiff was confined to Administrative Segregation

15   due to a suspect lock-up order, that his mail was tampered with, that his property was confiscated,

16   that defendants were not providing plaintiff with pain medication recommended in a September 9,

17   2008 report, that he is being exposed to arsenic-infested water, and that he needs diagnostic testing

18   to determine the cause of his blood disease and lymphoid hyperplasia, do not form the basis of any

19   claims in this action.

20   A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a

21   threshold and preliminary matter the court must have before it for consideration a "case" or

22   "controversy."  Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or

23   "controversy" before it, it has no power to hear the matter in question.  Rivera v. Freeman, 469 F.

24   2d 1159, 1162-63 (9th Cir. 1972).  "A federal court may issue an injunction if it has personal

25   jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to

26   determine the rights of persons not before the court."  Zepeda v. United States Immigration Service,

27   753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

28   ///

3

1    In this instance, the events giving rise to the claims in this action occurred between May 2,

2    2006 and January 18, 2008, and are related to defendants' delay in scheduling follow-up visits to the

3    doctor, diagnostic testing, and medical treatment for his painful and swollen left eye, for partial loss

4    of vision in his left eye, and for chronic lower back pin.  The issues raised by plaintiff in his motions

5    for preliminary injunctive relief are not being litigated in this action, and the relief sought by plaintiff

6    would not remedy the claims in this action.  The court therefore has no jurisdiction to issue the order

7    sought.

8    **III.      MOTION FOR APPOINTMENT OF COUNSEL**

9    Plaintiff also requests appointment of counsel.  The United States Supreme Court has ruled

10    that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.

11    Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109

12    S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances, the court may request the voluntary

13    assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Rand v. Rowland, 113 F.3d 1520, 1525

14    (9th Cir. 1997).  Without a reasonable method of securing and compensating counsel, this court will

15    seek volunteer counsel only in the most serious and exceptional cases.

16    In the present case, the court does not find the required exceptional circumstances.  See Rand,

17    113 F.3d at 1525.  Even if it is assumed that plaintiff is not well versed in the law and that he has

18    made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

19    This court is faced with similar cases almost daily.  Therefore, plaintiff's request for the appointment

20    of counsel should be denied.

21    Based on the foregoing, the court HEREBY RECOMMENDS that:

22    1.      Plaintiff's motions for preliminary injunctive relief, filed October 2, 2008 and

23           December 10, 2008, as supplemented on December 29, 2008, be DENIED on the

24           grounds that the court lacks jurisdiction in this action to issue the orders sought; and

25    2.      Plaintiff's request for the appointment of counsel be DENIED.

26    These Findings and Recommendations will be submitted to the United States District Judge

27    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

28    **days** after being served with these Findings and Recommendations, plaintiff may file written

4

1    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

2    Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

3    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

4    1153 (9th Cir. 1991).

5

6        IT IS SO ORDERED.

7        **Dated:    January 14, 2009**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE
8