IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>A. HEDGEPATH, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:08-cv-00095-AWI-GSA-PC<br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS<br>(Doc. 21.)<br><br>ORDER DENYING MOTIONS FOR<br>PRELIMINARY INJUNCTIVE RELIEF<br>(Docs. 11, 13.)<br><br>ORDER DENYING REQUEST FOR<br>APPOINTMENT OF COUNSEL |

Kelvin X. Singleton ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On January 14, 2009, findings and recommendations were entered, recommending that plaintiff's motions for preliminary injunctive relief, filed October 2, 2008 and December 10, 2008, and plaintiff's request for appointment of counsel be denied. (Doc. 21.) On February 12, 2009, plaintiff filed objections to the findings and recommendations. (Doc. 25.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. The Magistrate Judge recommends denying the injunction for medical care because the

medical claims at issue in this action concern Defendants' failure to provide medical care between May 2, 2006 and January 18, 2008, and Plaintiff's requests in the preliminary injunction actions taken against Plaintiff long after. In the objections, Plaintiff contends that the court is not reading his claims for relief broadly enough and an injunction is available because this action is generally about Plaintiff's inadequate medical care.

As explained by the Magistrate Judge, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994) (per curiam). To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. Omega World Travel. Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir.1997); Wilson v. Baker, 2008 WL 2825275, *1 (E.D.Cal. 2008); Williams v. Schwarzenegger, 2008 WL 2557980, *1 (E.D.Cal. 2008); Lebron v. Armstrong, 289 F. Supp. 2d 56, 61 (D. Conn. 2003). "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (citing De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945)). As explained by the Eighth Circuit:

> It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. Thus, the district court correctly ruled as a matter of law that Devose was not entitled to a preliminary injunction.

Devose, 42 F.3d at 471.

In addition, any award of equitable relief in this action is governed by the Prison Litigation Reform

2

Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Based on this authority, the court agrees with the Magistrate Judge that the injunctive relief Petitioner seeks for current medical issues is not sufficiently related to the claims present in this action as to warrant injunctive relief even though both concern alleged denials in medical care.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on January 14, 2009, are ADOPTED in full;

2. Plaintiff's motions for preliminary injunctive relief, filed October 2, 2008 and December 10, 2008, are DENIED; and

3. Plaintiff's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

**Dated:   May 25, 2009**              **/s/ Anthony W. Ishii**
                                      CHIEF UNITED STATES DISTRICT JUDGE