# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON, | 1:08-cv-00095-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| A. HEDGEPATH, et al., | (Doc. 38.) |
| Defendants. | |

## I. BACKGROUND

Plaintiff Kelvin X. Singleton ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 18, 2008. (Doc. 1.) This case now proceeds on the second amended complaint, filed by plaintiff on February 12, 2009, against defendants CMO A. Youssef, CMO S. Lopez, Dr. J. Akanno, Dr. S. Qamar, Dr. Vasquez, RN II M. Ali, and RN II M. Wright-Pearson for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 26.) On November 9, 2009, plaintiff filed a motion for preliminary injunctive relief, which is now before the court. (Doc. 38.) Defendants have not filed an opposition to the motion.

In the motion, plaintiff requests a court order for defendants to provide him with "the recommended transitional prescription glasses that was [*sic*] recommended by the ophthalmologist." Plaintiff alleges that his prescription glasses were broken while he was performing his prison job as canteen clerk, during the time he was waiting for the court to screen his second amended complaint. Plaintiff alleges that he has repeatedly requested replacement of his transitional eyeglasses by

1

1  defendants, but the requests were denied because transitional eyeglasses are permitted only when
2  there is a medical necessity. Instead, plaintiff was provided with non-transitional eyeglasses, which
3  he refused. Plaintiff claims that he has a medical necessity because on June 12, 2009, Dr. Yaplee,
4  the ophthalmologist, recommended transitional eyeglasses for plaintiff due to sensitivity to sunlight.

## II. PRELIMINARY INJUNCTION

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

The claims in this action arise from the alleged failure of defendants to provide plaintiff with adequate medical care. Specifically, plaintiff alleges in his second amended complaint that defendants delayed scheduling follow-up visits to the doctor, diagnostic testing, and medical treatment for his painful and swollen left eye, for a partial loss of vision in his left eye, and for chronic lower back pain, beginning on May 2, 2006. Plaintiff alleges he suffered from loss of vision and pain that disrupted his daily activities. Plaintiff also alleges that he was not appropriately treated for lower back pain. Plaintiff requests as relief money damages, declaratory relief, attorney fees and court costs, and an injunction requiring defendants to perform the necessary level of care needed for plaintiff's medical conditions, including chronos, pain medication, and routine exams to treat plaintiff's glaucoma.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or

1  "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or
2  "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F.
3  2d 1159, 1162-63 (9th Cir. 1972). "A federal court may issue an injunction if it has personal
4  jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to
5  determine the rights of persons not before the court." Zepeda v. United States Immigration Service,
6  753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this instance, the events giving rise to the claims in this action occurred between May 2, 2006 and January 18, 2008, and are related to defendants' delay in scheduling follow-up visits to the doctor, diagnostic testing, and medical treatment for his painful and swollen left eye, for partial loss of vision in his left eye, and for chronic lower back pin. The issues raised by plaintiff in his motion for preliminary injunctive relief occurred after the date plaintiff filed the complaint in this action and are not being litigated in this action, and the relief sought by plaintiff would not remedy the claims in this action. The court therefore has no jurisdiction to issue the order sought.

## II. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed November 9, 2009, be DENIED on the grounds that the court lacks jurisdiction in this action to issue the orders sought.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 26, 2010**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE