IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN SINGLETON,<br><br>          Plaintiff,<br><br>     vs.<br><br>A. HEDGEPATH, et al,<br><br>          Defendants.<br>_____/ | 1:08-cv-00095-AWI-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>( #66) |

On May 10, 2010, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

-1-

1    Plaintiff requests the appointment of counsel due to his deteriorating eyesight and lack of
2 proper eyeglasses.  Plaintiff also states that he has contacted an attorney, Jerald L. Brainin, Esq.,
3 who indicated to plaintiff that he was willing to represent plaintiff if the court appointed counsel.
4 Plaintiff also claims he has new evidence and needs counsel to argue his claim.
5    The court has contacted Jerald L. Brainin, Esq. who indicates he is not amenable to being
6 appointed as counsel for plaintiff in this action.  The court does not find the required exceptional
7 circumstances to seek other volunteer counsel for plaintiff at this time.  Based on a review of the
8 record in this case, the court does not find that plaintiff cannot adequately articulate his claims,
9 despite alleged difficulties with his eyesight.  Id.  Even if it is assumed that plaintiff is not well
10 versed in the law and that he has made serious allegations which, if proved, would entitle him to
11 relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at
12 this stage in the proceedings, with discovery still open and a February 7, 2011 deadline pending
13 for the parties to file dispositive motions, the court cannot make a determination that plaintiff is
14 likely to succeed on the merits.  Id.
15    For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
16 DENIED, without prejudice.
17    IT IS SO ORDERED.
18    Dated:   **May 21, 2010**            **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

-2-