# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,<br><br>  Plaintiff,<br><br>v.<br><br>A. HEDGEPATH, et al.,<br><br>  Defendants.<br>_____/ | 1:08-cv-00095-AWI-GSA-PC<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT VASQUEZ SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT SERVICE<br><br>(Doc. 56.)<br><br>THIRTY DAY DEADLINE |

**I.    BACKGROUND**

Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 18, 2008.  (Doc. 1.)  This case now proceeds on the Second Amended Complaint, filed by Plaintiff on February 12, 2009, against defendants CMO A. Youssef, CMO S. Lopez, Dr. J. Akanno, Dr. S. Qamar, Dr. Vasquez, RN II M. Ali, and RN II M. Wright-Pearson for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.  (Doc. 26.)

**II.   SERVICE BY UNITED STATES MARSHAL**

On November 2, 2009, the Court issued an order directing the United States Marshal to initiate service of process upon defendants in this action.  (Doc. 36.)  All of the defendants were successfully served except Dr. S. Qamar, Dr. Vasquez, and RN II M. Wright-Pearson.

1

*Defendants Qamar and Wright-Pearson*

On April 19, 2010, the Marshal filed returns of service unexecuted as to defendants Dr. S. Qamar and Senior R.N. II M. Wright-Pearson. (Doc. 56.) Based on the information set forth in the returned USM-285 forms, the Court cannot make a finding that Plaintiff has not provided sufficient information to locate these two defendants. Therefore, by separate order, the Marshal shall be directed to initiate re-service upon defendants Qamar and Wright-Pearson by contacting the Legal Affairs Division of the California Department of Corrections and Rehabilitation for assistance.

*Defendant Dr. Vasquez*

On April 19, 2010, the Marshal filed a return of service unexecuted as to defendant Dr. Vasquez. (Doc. 56.)

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed.R.Civ.P. 4(c)(2). "'[A]n incarcerated prose plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to

effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  <u>Walker</u>, 14 F.3d at 1421-22.

In this instance, Plaintiff has not provided sufficient information to identify defendant Dr. Vasquez and locate the defendant for service of process.  (Doc. 56.)  If Plaintiff is unable to provide the Marshal with additional information, defendant Dr. Vasquez shall be dismissed from the action, without prejudice.[1]  Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why defendant Dr. Vasquez should not be dismissed from the action at this time.

### III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why defendant Dr. Vasquez should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of defendant Dr. Vasquez from this action.

IT IS SO ORDERED.

Dated:    September 14, 2010                    /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff is unable to provide a full name, he must provide alternate information – such as a partial name, title, gender, work assignment, work schedule, etc. – sufficient for the Marshal or the CDCR to identify the defendant for service.  Because Vasquez is a common name, there may be more than one Dr. Vasquez employed by the CDCR as a prison physician.  If Plaintiff is unable to provide a current address for this defendant, he must provide any other available information to enable the Marshal to locate the defendant.