# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON, | 1:08-cv-00095-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' REQUEST TO CONDUCT PLAINTIFF'S DEPOSITION VIA VIDEO-CONFERENCE |
| v. | |
| A. HEDGEPATH, et al., | (Doc. 94.) |
| Defendants. | |

Plaintiff Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 18, 2008. (Doc. 1.) This action proceeds on the Second Amended Complaint filed on February 12, 2009, against defendants CMO A. Youssef, CMO S. Lopez, Dr. J. Akanno, Dr. S. Qamar, Dr. Vasquez, RN II M. Ali, and RN II M. Wright-Pearson for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.[1]  (Doc. 26.) On October 21, 2010, Defendants Ali, Akanno, Youssef and Lopez ("Defendants") filed a request to conduct Plaintiff's deposition via video-conference.  (Doc. 94.)

Rule 30(b)(4) allows the court to order "that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).  Defendants request a deposition by video-conference to eliminate unnecessary travel expenses which will be incurred if Defendants' counsel is

---

[1] Defendants Dr. S. Qamar, Dr. Vasquez, and RN II M. Wright-Pearson have not been successfully served in this action.

required to travel to Calipatria State Prison ("CAL"), where Plaintiff is presently incarcerated. Defendants assert that CAL is approximately nine and a half hours away from the Attorney General's Office in Sacramento, and the Attorney General's Office, a State agency, is operating under severe financial constraints which currently limit their travel expenditures.

Good cause having been presented to the Court, and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that:

1. Defendants' request to conduct to conduct Plaintiff Kelvin Singleton's deposition via video-conference is GRANTED; and
2. Nothing in this order shall be interpreted as requiring the institution in which Plaintiff is housed to obtain video-conferencing equipment if it is not already available.

IT IS SO ORDERED.

Dated:   **October 22, 2010**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE