# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,<br><br>    Plaintiff,<br><br>    v.<br><br>A. HEDGEPATH, et al.,<br><br>    Defendants.<br>_____/ | 1:08-cv-00095-AWI-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DENY PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS PREMATURE<br>(Doc. 58.)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS PREMATURE, WITHOUT PREJUDICE<br>(Doc. 52.)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REQUIRE DEFENDANTS TO RESPOND TO MOTION FOR PARTIAL SUMMARY JUDGMENT AS MOOT<br>(Doc. 62.) |

## I.    BACKGROUND

Plaintiff Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 18, 2008. (Doc. 1.) This action proceeds on the Second Amended Complaint filed on February 12, 2009, against defendants CMO A. Youssef, CMO S. Lopez, Dr. J. Akanno, Dr. S. Qamar, Dr. Vasquez, RN II M. Ali, and RN II M. Wright-Pearson for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.[1]  (Doc. 26.)

---

[1] Defendants Dr. S. Qamar, Dr. Vasquez, and RN II M. Wright-Pearson have not been successfully served and have not otherwise appeared in this action.

On April 8, 2010, Plaintiff filed a motion for partial summary judgment.  (Doc. 52.)  On April 22, 2010, defendants Ali, Akanno, Lopez, and Youssef ("Defendants") filed a motion to deny Plaintiff's motion as premature.  (Doc. 58.)   On May 3, 2010, Plaintiff filed an ex-parte motion to require Defendants to file a response to the motion for summary judgment.  (Doc. 62.)  On May 10, 2010, Plaintiff filed an opposition to Defendants' motion.  (Doc. 65.)

## II.     DEFENDANTS' MOTION

Federal Rule of Civil Procedure 56(f) provides, "[S]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or deposition to be taken or discovery to be had or may make such other order as is just."  Fed. R. Civ. P. 56(f).  Under Local Rule 260(b), "If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."  L. R. 260(b).  Where a summary judgment motion is filed early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion freely.  <u>Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes</u>, 323 F.3d 767, 774 (9th Cir. 2003).

Defendants move the Court to deny Plaintiff's motion for partial summary judgment as premature, without prejudice, on the ground that Defendants have not had an opportunity to conduct any discovery or marshal evidence to oppose the motion.  Defendants note that Plaintiff filed his motion for partial summary judgment within days of the date Defendants filed their answer.  Defendants argue that the case is not ready for summary judgment because the deadline for Defendants to bring a motion to dismiss under Rule 12(b) is May 31, 2010; the discovery cut-off deadline is November 30, 2010; and the deadline for the filing of dispositive motions is February 7, 2011.  Defendants Qamar, Vasquez, and Wright-Pearson have not been served.  Counsel for Defendants declares that he needs to:  1) conduct discovery; 2) obtain Plaintiff's medical file; 3) obtain the records of Plaintiff's state court action on the same subject; and 4)

obtain an expert witness review of Plaintiff's medication and treatment, before he can oppose Plaintiff's motion for partial summary judgment. (Decl. of Counsel, Doc. 58-3.)

In opposition, Plaintiff argues that (1) his motion is not premature under Rule 56; (2) the evidence by which the motion is filed came from the California Department of Corrections and Rehabilitation's Federal Receiver; (3) as a matter of law, the motion for summary judgment must be granted because there are no triable issues of facts to be disputed, and evidence has shown a significant delay in medical care; and (4) Defendants need not conduct discovery or marshal evidence because all documents Plaintiff filed came from his medical records that the Federal Receiver reviewed before coming to a conclusion.

## III. DISCUSSION

Plaintiff argues that the Court should rule on his motion for partial summary judgment without allowing Defendants the opportunity to pursue discovery. Although Rule 56 allows a motion for summary judgment to be filed "at any time," Rule 56 also allows the court to issue an order, as is just, to refuse the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56. Here, even if Plaintiff ultimately prevails on his motion, Defendants are entitled to an opportunity to pursue discovery before responding to the motion. Defendants filed their answer on March 30, 2010, and Plaintiff filed his summary judgment motion only nine days later on April 8, 2010, before Defendants had any realistic opportunity to pursue discovery.[2] Therefore, Defendants' motion to deny Plaintiff's motion for partial summary judgment as premature shall be granted. In light of this ruling, Plaintiff's ex-parte motion to require Defendants to file a response to Plaintiff's motion for summary judgment shall be denied as moot.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to deny Plaintiff's motion for summary judgment as premature, filed on April 22, 2010, is GRANTED;

---

[2] Defendants initially filed their answer on March 30, 2010, and then re-filed it on April 5, 2010 per the clerk's directive. (Docs. 45, 46, 49.)

2. Plaintiff's motion for summary judgment, filed on April 8, 2010, is DENIED as premature, without prejudice to renewal of the motion at a later stage of the proceedings; and

3. Plaintiff's ex-parte motion to require Defendants to file a response to Plaintiff's motion for summary judgment, filed on May 3, 2010, is DENIED as moot.

IT IS SO ORDERED.

Dated:   **November 8, 2010**                              /s/ **Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE