# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,<br><br>    Plaintiff,<br><br>    v.<br><br>A. HEDGEPATH, et al.,<br><br>    Defendants.<br>_____/ | 1:08-cv-00095-AWI-GSA PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM, AND PLACING PARTIES ON NOTICE THAT THE SUBPOENA TO DR. STEVEN M. YAPLEE SHALL ISSUE AFTER FIFTEEN DAYS FROM THE DATE OF SERVICE OF THIS ORDER<br>(Doc. 59.)<br><br>ORDER PROVIDING PLAINTIFF WITH FIFTEEN DAYS WITHIN WHICH TO NOTIFY COURT WHETHER HE CONSENTS TO THE PROPOSED PROCEDURE FOR THE PRODUCTION OF HIS MEDICAL RECORDS |

Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on January 18, 2008. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on February 12, 2009, against defendants CMO A. Youssef, CMO S. Lopez, Dr. J. Akanno, Dr. S. Qamar, Dr. Vasquez, RN II M. Ali, and RN II M. Wright-Pearson for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.[1] (Doc. 26.)

---

[1] Defendants Dr. S. Qamar, Dr. Vasquez, and RN II M. Wright-Pearson have not been successfully served and have not otherwise appeared in this action.

On April 22, 2010, Plaintiff Kelvin X. Singleton ("Plaintiff") filed a motion seeking the issuance of a subpoena duces tecum. Fed. R. Civ. P. 45. Plaintiff is seeking his medical records from Dr. Steven M. Yaplee, an outside glaucoma specialist who treated Plaintiff and concluded that Plaintiff lost partial vision in his left eye. Plaintiff contends that he needs these medical records to fully litigate his claims in this action. Plaintiff submits evidence that he requested copies of his medical records directly from Dr. Yaplee three times, without response. (Declaration of Plaintiff, Doc. 60.) Plaintiff is proceeding pro se and in forma pauperis, and is entitled to service of the subpoena by the United States Marshal. 28 U.S.C. § 1915(d). The documents sought pertain to injuries Plaintiff allegedly sustained as a result of the inadequate medical care at issue in this action, and his motion shall be granted.

Pursuant to Federal Rule of Civil Procedure 45(b)(1), this order provides the requisite notice to the parties that the Court will, after fifteen days from the date of service of this order, issue the subpoena and direct the United States Marshal to effect personal service.

The Court recommends that Plaintiff allow the records to be sent to the Court, at which time the Court will forward a copy to Plaintiff and will provide a copy for Defendants. However, because of the nature of the documents, Plaintiff must give his written permission for this procedure. If Plaintiff objects, the documents will be sent directly to him and he must then provide a copy to Defendants' counsel. Plaintiff has fifteen days from the date of service of this order within which to notify the Court whether he is willing to consent to the aforementioned procedure. If Plaintiff fails to respond within fifteen days, his lack of response will be deemed an objection to the suggested procedure.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the issuance of a subpoena duces tecum, filed April 22, 2010, is GRANTED;

2. Pursuant to Rule 45(b)(1), the parties are placed on notice that a subpoena duces tecum to Dr. Steven M. Yapee shall be issued after **fifteen (15) days** from the date of service of this order; and

///

3. Within **fifteen (15) days** from the date of service of this order, Plaintiff shall notify the Court whether or not he consents to the proposed procedure outlined herein for the production of his medical records.

IT IS SO ORDERED.

Dated:   **November 8, 2010**              /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE