# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON, | 1:08-cv-00095-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO VACATE SCHEDULING ORDER, AND ADDRESSING DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO RENEW (Doc. 122.) |
| v. | |
| A. HEDGEPATH, et al., | |
| Defendants. | ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE FOR ALL PARTIES |
| | New Dispositive Motions Deadline - 05-31-2011 |

**I.   BACKGROUND**

Plaintiff Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 18, 2008.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed on February 12, 2009, against defendants CMO A. Youssef, CMO S. Lopez, Dr. J. Akanno, Dr. S. Qamar, Dr. Vasquez, RN II M. Ali, and RN II M. Wright-Pearson for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.  (Doc. 26.)

On June 11, 2010, Plaintiff filed a motion for leave to file a supplemental complaint. (Doc. 73.)  On November 8, 2010, Plaintiff filed a request to withdraw part of his motion.  (Doc.

104.) On December 10, 2010, the court withdrew Plaintiff's motion in its entirety and granted Plaintiff leave to file a new motion for leave to file a supplemental complaint within thirty days. (Doc. 121.)

On April 8, 2010, Plaintiff filed a motion for partial summary judgment. (Doc. 52.) On November 8, 2010, the Court denied Plaintiff's motion as premature, without prejudice to renewal at a later stage of the proceedings. (Doc. 99.) On December 2, 2010, Plaintiff filed a motion to renew the motion for summary judgment. (Doc. 118.) On December 15, 2010, the Court granted Plaintiff's motion to renew. (Doc. 121.) On December 16, 2010, Defendants filed an opposition to Plaintiff's motion to renew and brought a motion to vacate the Court's Scheduling Order of March 31, 2010. (Doc. 122.)

Now before the Court are Defendants' opposition to Plaintiff's motion to renew, and Defendants' motion to vacate the Court's Scheduling Order.

## II.   OPPOSITION TO PLAINTIFF'S MOTION

On December 16, 2010, Defendants filed a timely opposition to Plaintiff's motion to renew his motion for summary judgment. The Court had already granted Plaintiff's motion on December 15, 2010, before receipt of Defendants' opposition. Plaintiff did not require leave of court at this juncture to renew the motion for summary judgment, and Defendants' opposition would not have changed the Court's ruling.

Rule 56 provides that, "[U]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery. Fed. R. Civ. P. 56(a) (emphasis added). Pursuant to the Court's Scheduling Order, the deadline for all parties to this action to file pretrial dispositive motions is February 7, 2011. (Doc. 47.) The Court's order of November 8, 2010, granted Plaintiff leave to renew his motion for summary judgment at a later stage of the proceedings. (Doc. 99.)

Defendants argue that the pleadings in this case are not settled, and if Plaintiff files a motion for summary judgment now, they will not be able to file a motion in opposition addressing all of the issues to be resolved in this case. Defendants note that defendants Qamar and Wright-Pearson were only recently served and their answers are not yet due, and defendant

Vasquez has not been served.[1]  Defendants also anticipate that if Plaintiff files a supplemental complaint, he may bring additional claims.  Defendants are preparing and plan to file their own motion for summary judgment to defeat Plaintiff's motion for summary judgment, and they maintain it would serve judicial economy and efficiency for the Court to consider both Plaintiff's and Defendants' motions at the same time.

Defendants' argument based on their expected plan of opposition is unavailing.  The Court shall not preclude Plaintiff from filing a motion because Defendants are concerned they will be unable to execute their plan of opposition.  It is also of no consequence that some of the defendants have not appeared in the action.  In the court's experience, summary judgment is often granted before all of the defendants have joined an action.  With regard to Defendants' argument that Plaintiff will not be able to file a motion addressing all of the issues to be resolved in this case, Plaintiff is not required to do so, and the Court cannot consider the substance of Plaintiff's motion until after it is filed.  Defendants shall have an opportunity to oppose Plaintiff's motion for summary judgment as premature after it is filed, if they so wish.  Any problem with a premature motion for summary judgment can be resolved under Fed. R. Civ. P. 56(d), which allows a summary judgment motion to be denied or the hearing on the motion to be continued if the nonmoving party has not had an opportunity to make full discovery.  See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986).

### III.  MOTION TO VACATE SCHEDULING ORDER

Defendants request the Court to vacate its Scheduling Order of March 31, 2010, because on December 10, 2010, the Court granted Plaintiff leave to bring a motion to file a supplemental complaint within thirty days.  Defendants argue that if Plaintiff is allowed to supplement his claims without vacating the Scheduling Order, they will be deprived of discovery on the new claims.  Further, Defendants argue that because the dispositive motions deadline in the Scheduling Order is February 7, 2011, and Plaintiff has until January 10, 2011 to file a motion to supplement his complaint, Defendants will be impeded from filing a motion to dismiss or

---

[1] The Court's record does not yet reflect that defendants Qamar and Wright-Pearson have been served.

summary judgment on the supplemental complaint.

A court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. Defendants have shown good cause to modify the Scheduling Order, based on the short window of time that will be available to file dispositive motions after the issue of Plaintiff's supplemental complaint is resolved. However, in lieu of vacating the order, the Court shall extend the deadline for filing dispositive motions to May 31, 2011. The parties are not precluded from requesting further modification of the Scheduling Order at a later stage of the proceedings, if needed.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to vacate the Court's Scheduling Order of March 31, 2010, is DENIED; and
2. The deadline for all parties in this action to file pretrial dispositive motions is extended from February 11, 2011 to **May 31, 2011.**

IT IS SO ORDERED.

Dated:   **December 22, 2010**          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE