IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON, | 1:08-cv-00095-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR FOR A COURT ORDER DIRECTING PRISON OFFICIALS TO MAKE COPIES (Doc. 133.) |
| vs. | |
| A. HEDGEPATH, et al., | |
| Defendants. | |

Plaintiff Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 18, 2008. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on February 12, 2009, against defendants CMO A. Youssef, CMO S. Lopez, Dr. J. Akanno, Dr. S. Qamar, Dr. Vasquez, RN II M. Ali, and RN II M. Wright-Pearson for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 26.)

On January 3, 2011, Plaintiff filed a motion for the Court to issue an order directing prison officials to make copies of his summary judgment exhibits. (Doc. 133.) Plaintiff states that his summary judgment exhibits exceed the 100-page limit for copywork allowed at the prison, and that he will be unable to adequately file his pleadings without a Court order directing prison officials to copy up to 150 pages.

1

1  Plaintiff's motion for a court order shall be denied.  Prison administrators "should be
2 accorded wide-ranging deference in the adoption and execution of policies and practices that in their
3 judgment are needed to preserve internal order and discipline and to maintain institutional security."
4 Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547
5 (1970).  Moreover, the Court lacks jurisdiction to issue an order requiring the prison to make copies
6 for Plaintiff.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).
7 Therefore, Plaintiff's motion shall be denied.

8  The Court notes that Plaintiff filed a motion for partial summary judgment on January 3,
9 2011.  Plaintiff is advised that if he intends to amend his motion for partial summary judgment to
10 add exhibits, he must comply with Local Rule 220 which provides that an amended pleading "shall
11 be retyped and filed so that it is complete in itself without reference to the prior or superceded
12 pleading."  L.R. 220.  Without prior approval from the Court, Plaintiff may not submit additional
13 pages or exhibits to be added to his prior motion for partial summary judgment. Id.

14  Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for
15 a court order directing prison officials to make copies is DENIED.

17  IT IS SO ORDERED.

18  **Dated:   January 27, 2011**           **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE

2