1

2

3

4

5

6

7        **UNITED STATES DISTRICT COURT**

8            EASTERN DISTRICT OF CALIFORNIA

9

10   KELVIN X. SINGLETON,                    1:08-cv-00095-AWI-GSA-PC

11                  Plaintiff,               ORDER GRANTING PLAINTIFF'S
                                             RENEWED MOTION FOR LEAVE TO FILE
12        v.                                 SUPPLEMENTAL COMPLAINT
                                             (Doc. 129.)
13   A. HEDGEPATH, et al.,
                                             THIRTY DAY DEADLINE FOR PLAINTIFF
14                                           TO FILE SUPPLEMENTAL COMPLAINT, AS
                  Defendants.                INSTRUCTED BY THIS ORDER
15
     _____/
16

17        Plaintiff Kelvin X. Singleton ("plaintiff") is a state prisoner proceeding pro se and in

18   forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the

19   Complaint commencing this action on January 18, 2008.  (Doc. 1.)  This action now proceeds on

20   the Second Amended Complaint filed on February 12, 2009, against defendants CMO A.

21   Youssef, CMO S. Lopez, Dr. J. Akanno, Dr. S. Qamar, Dr. Vasquez, RN II M. Ali, and RN II M.

22   Wright-Pearson for deliberate indifference to Plaintiff's serious medical needs in violation of the

23   Eighth Amendment.  (Doc. 26.)

24        On December 27, 2010, Plaintiff filed a renewed motion for leave to file a supplemental

25   complaint.  (Doc. 129.)  On January 18, 2011, defendants Ali, Akanno, Lopez, Youssef, Qamar

26   and Wright-Pearson filed a statement of non-opposition to the motion.[1]  (Doc. 137.)

27   _____

28        [1] Defendant Dr. Vasquez has not been successfully served in this action and has not otherwise appeared in
     this action.

                                             1

1   When considering whether to allow a supplemental complaint, the Court considers factors

2   such as whether allowing supplementation would serve the interests of judicial economy;

3   whether there is evidence of delay, bad faith or dilatory motive on the part of the movant;

4   whether amendment would impose undue prejudice upon the opposing party; and whether

5   amendment would be futile.  See San Luis & Delta-Mendota Water Authority v. United States

6   Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858

7   F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S.

8   Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)).

9   Plaintiff has clearly set forth the specific claims he proposes to include in his

10   supplemental complaint.  He recites allegations against defendant Lopez beginning on June 12,

11   2009, claiming that defendant Lopez continues to act with deliberate indifference to Plaintiff's

12   serious eye condition by denying him prescription transitional-lens eyeglasses, causing Plaintiff

13   to suffer pain and irreparable harm.  Plaintiff states that he exhausted his administrative remedies

14   for the supplemental claims.

15   The Court finds Plaintiff's proposed supplemental claims to be related to the claims in the

16   operative Second Amended Complaint for this action.  The Second Amended Complaint names

17   defendant Lopez for deliberate indifference to Plaintiff's eye care, and Plaintiff now alleges a

18   continuing pattern of violations.  Defendants are not opposed to Plaintiff's proposed

19   supplemental complaint, and the Court finds no evidence that the filing of the supplemental

20   complaint would be futile or impose undue prejudice.  The Court finds no evidence of delay, bad

21   faith or dilatory motive on Plaintiff's part.  Therefore, Plaintiff shall be granted leave to file a

22   supplemental complaint.  Plaintiff is advised that the supplemental complaint may only include

23   the supplemental allegations and claims against defendant Lopez set forth in Plaintiff's renewed

24   motion filed on December 27, 2010.  The supplemental complaint should be boldly entitled

25   "Supplemental Complaint" and must be complete in itself, signed under penalty of perjury, and

26   refer to the appropriate case number 1:08-cv-00095-AWI-GSA-PC.  Defendants may file an

27   amended answer to the complaint within thirty days of the date the supplemental complaint is

28   filed, if they so wish.

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's renewed motion for leave to file a supplemental complaint, filed on December 27, 2010, is GRANTED;

2.      Plaintiff is granted leave to file a supplemental complaint as instructed by this order within thirty days of the date of service of this order;

3.      Defendants may file an amended answer to the complaint within thirty days of the date the supplemental complaint is filed, if they so wish; and

4.      Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order.


IT IS SO ORDERED.

**Dated:**   **January 27, 2011**                    **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE