# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON, | 1:08-cv-00095-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN DISCOVERY |
| v. | (Doc. 122.) |
| A. HEDGEPATH, et al., | ORDER REOPENING DISCOVERY, FOR LIMITED PURPOSE DESCRIBED IN THIS ORDER |
| Defendants. | |
| | New Discovery Deadline - 03-31-2011 |
| | Dispositive Motions Deadline - 05-30-2011 |

**I.    BACKGROUND**

Plaintiff Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 18, 2008. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on February 12, 2009, against defendants CMO A. Youssef, CMO S. Lopez, Dr. J. Akanno, Dr. S. Qamar, Dr. Vasquez, RN II M. Ali, and RN II M. Wright-Pearson for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 26.)

On March 30, 2010, defendants Ali, Akanno, Lopez, and Youssef filed an Answer to the Second Amended Complaint. (Doc. 45.) On March 31, 2010, the Court issued a

1

1  Discovery/Scheduling Order opening discovery and setting a discovery cut-off date of November
2  30, 2010.  (Doc. 47.)  On October 27, 2010, Plaintiff filed a motion to compel and for sanctions,
3  which is currently pending. (Docs. 96-98.) On December 20, 2010, defendants Qamar and Wright-
4  Pearson filed an Answer to the Second Amended Complaint.  (Doc. 124.)  On January 3, 2011,
5  Plaintiff filed a motion to reopen discovery in this action. (Doc. 134.)  Defendants have not filed a
6  response to the motion.

**II.     MOTION TO REOPEN DISCOVERY**

A court may modify a scheduling order for good cause.  Fed. R. Civ. P 16(b)(4).  This good cause standard "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id.

Plaintiff moves the Court to reopen discovery for forty-five days to allow him to propound discovery requests, including interrogatories and requests for production of documents, upon defendants Qamar and Wright-Pearson.  Plaintiff argues that he should be allowed to conduct discovery with these two defendants because they did not appear in this action until December 20, 2010, after the previous discovery deadline of November 30, 2010 had expired.  Plaintiff also requests leave to serve defendants Lopez, Akanno and Youssef with twenty-five additional interrogatories after discovery is reopened.  Plaintiff contends that if he is allowed to serve twenty-five revised interrogatories on these three defendants, his motion to compel, filed on October 27, 2010, will be resolved.  Plaintiff states that he would agree to withdraw his motion to compel if the Court allows him to propound the revised interrogatories.

Plaintiff has shown good cause to reopen discovery for the purpose of propounding discovery requests upon defendants Qamar and Wright-Pearson.  The parties are entitled to discovery related to the claims against defendants Qamar and Wright-Pearson.  Even with due diligence, such discovery could not have been conducted under the prior discovery schedule. Plaintiff has not shown good cause, however, to be allowed to propound further interrogatories upon defendants Lopez, Akanno and Youssef.  Plaintiff had eight months under the Court's Discovery/Scheduling order --

from March 31, 2010 until November 30, 2010 – in which to conduct discovery with these three defendants, which is ample time.  The Court finds it prejudicial to these defendants to require them to answer more interrogatories after discovery has been concluded.  Plaintiff's argument concerning the resolution of his motion to compel is unavailing.  Therefore, Plaintiff's motion shall be granted, and discovery shall be reopened for the limited purpose of conducting discovery related to the claims against defendants Qamar and Wright-Pearson.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen discovery is GRANTED; and
2. Discovery is now reopened, for all parties to this action, for the limited purpose of conducting discovery related to the claims against defendants Qamar and Wright-Pearson;
3. The new deadline for the completion of this limited discovery, including filing of motions to compel, is **March 31, 2011**;
4. Plaintiff's request to propound additional interrogatories on defendants Lopez, Akanno, and Youssef is DENIED; and
5. The deadline for all parties in this action to file pretrial dispositive motions remains at **May 31, 2011**, as established by the Court's order of December 22, 2010.

IT IS SO ORDERED.

Dated:   **January 28, 2011**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE