# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON, | 1:08-cv-00095-AWI-GSA-PC |
| Plaintiff, | ORDER FOR STEVEN M. YAPLEE TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO RESPOND TO SUBPOENA |
| v. | |
| A. HEDGEPATH, et al., | **Hearing on Order to Show Cause** |
| Defendants. | **April 1, 2011 at 9:30 a.m. in Courtroom 10 (GSA)** |

## I. BACKGROUND

Plaintiff Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 18, 2008. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on February 12, 2009, against defendants CMO A. Youssef, CMO S. Lopez, Dr. J. Akanno, Dr. S. Qamar, Dr. Vasquez, RN II M. Ali, and RN II M. Wright-Pearson for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 26.)

On December 2, 2010, the Court issued an order directing the United States Marshal to serve a subpoena upon Steven M. Yaplee, M.D. (Doc. 114.) On February 8, 2011, the Marshal filed a return of service executed, indicating that personal service of the subpoena upon Steven M. Yaplee,

1 M.D. was successful on December 8, 2010. (Doc. 145.) The subpoena, which was issued by the
2 Court on December 1, 2010, directed Steven M. Yaplee, M.D. to produce documents **on or before**
3 **February 15, 2011** at the Clerk's Office, United States District Court, 2500 Tulare Street, Ste. 1501,
4 Fresno, CA 93721 as follows:

> You are commanded to produce copies of **ALL** Medical Records for patient Kelvin X. Singleton, including results of eye exams conducted on or about August 31, 2007, concerning lost partial vision in the patient's left eye. Mr. Singleton was treated by Dr. Yaplee on a contract basis with Kern Valley State Prison in Delano, California, where Mr. Singleton is incarcerated.

8 To date, Steven M. Yaplee, M.D. has not complied with the subpoena or otherwise responded to the
9 Court.

## II.  CONTEMPT OF COURT

Under Rule 45, any party may serve a subpoena commanding a non-party "to attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1). "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). A civil contempt sanction is designed to force the contemnors to comply with an order of the court and thus to effect discovery. Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 207, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). Steven M. Yaplee, M.D. shall be ordered to appear at a court hearing and show cause why sanctions should not be imposed for his failure to comply with the Court's subpoena. In the alternative, Steven M. Yaplee, M.D. shall comply with the subpoena by producing the requested documents on or before March 15, 2011, as directed by this order.

## III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Steven M. Yaplee, M.D. is ordered to appear in person at a court hearing on April 1, 2011 at 9:30 a.m. in Courtroom 10, at the United States District Court, 2500 Tulare Street, Fresno, California, before Magistrate Judge Gary S. Austin, to show cause why sanctions should not be imposed for his failure to comply with the subpoena described above; or in the alternative,

2. Steven M. Yaplee, M.D. shall comply with the subpoena described above by producing the requested documents **on or before March 15, 2011** at the Clerk's Office, United States District Court, 2500 Tulare Street, Ste. 1501, Fresno, CA 93721; and

3. The Clerk shall serve a copy of this order on:

> Steven M. Yaplee, M.D.
> 1519 Garces Hwy., Ste. 101
> Delano, California 93125

IT IS SO ORDERED.

Dated:   **February 22, 2011**                    **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE