UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,          )<br>                              )<br>         Plaintiff,           )<br>                              )<br>    v.                        )<br>                              )<br>HEDGEPATH, et al.,            )<br>                              )<br>         Defendants.          )<br>_____) | 1:08-cv-00095-AWI-GSA-PC<br><br>ORDER DENYING REQUEST FOR<br>COURT ORDER OR APPOINTMENT OF<br>COUNSEL<br>(Doc. 91.) |

Plaintiff is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On September 27, 2010, Plaintiff filed a request for a court order directing the prison to allow him access to the law library and to provide him with writing materials, to enable him to prepare legal documents. (Doc. 91.)  In the alternative, Plaintiff requests appointment of counsel.

With respect to Plaintiff's request for a court order directed to the prison, the Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970).  Accordingly, the Court shall defer to the prison's policies and practices in granting access to the law library and providing writing materials to inmates.

With respect to Plaintiff's request for appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.

1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).  In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.  For the foregoing reasons, Plaintiff's request for the appointment of counsel shall be denied.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for a court order directing the prison to allow him access to the law library and provide him with writing materials, or in the alternative, for appointment of counsel, is DENIED.

IT IS SO ORDERED.

Dated:   **May 6, 2011**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE