# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON, | 1:08-cv-00095-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OR FOR COURT-APPOINTED EXPERT WITNESS |
| v. | (Doc. 105.) |
| HEDGEPATH, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 18, 2008. (Doc. 1.)

On May 10, 2010, Plaintiff filed a motion for appointment of counsel, which was denied by the Court on May 21, 2010. (Docs. 66, 68.) On November 9, 2010, Plaintiff filed a motion for reconsideration of the Court's order. (Doc. 105.) In the alternative, Plaintiff requests appointment of an expert witness.

**II.   MOTION FOR RECONSIDERATION**

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick

1 Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th
2 Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing
3 nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of
4 Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on
5 other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local
6 Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist
7 which did not exist or were not shown upon such prior motion, or what other grounds exist for
8 the motion." L.R. 230(j).

9       Plaintiff argues that the Court should appoint counsel for him because his circumstances
10 have changed.  Plaintiff anticipates his participation in a deposition and maintains he does not
11 have the evidence required to respond.  Plaintiff claims that defendants are harassing him,
12 denying him writing paper and copies, interfering with his outgoing mail, and denying him
13 access to his medical files.  Also, Plaintiff has vision loss which is not improving.

14       Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court
15 to reverse its prior decision at this stage of the proceedings.   Plaintiff's case is not exceptional,
16 and the Court does not find that Plaintiff cannot adequately articulate his claims.  Therefore, the
17 motion for reconsideration shall be denied.

18 **III.   MOTION FOR EXPERT WITNESS**

19       In the alternative, Plaintiff requests a court-appointed expert witness to testify in his case.
20 The expenditure of public funds on behalf of an indigent litigant is proper only when authorized
21 by Congress.  See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted), and the in
22 forma pauperis statute does not authorize the expenditure of public funds for appointment of an
23 expert witness in Plaintiff's case.  Therefore, Plaintiff's motion for a court-appointed expert
24 witness shall be denied.

25 ///
26 ///
27 ///
28

## V.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, or in the alternative, for appointment of an expert witness, is DENIED.


IT IS SO ORDERED.

Dated:   May 6, 2011                              /s/ Gary S. Austin
                                                  UNITED STATES MAGISTRATE JUDGE