1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 | KELVIN X. SINGLETON,                          1:08-cv-00095-AWI-GSA-PC

12 |          Plaintiff,                          ORDER GRANTING IN PART AND DENYING
                                                  IN PART PLAINTIFF'S MOTION TO COMPEL
13 |     vs.                                      (Doc. 97.)

14 | A. HEDGEPATH, et al.,                        ORDER DENYING PLAINTIFF'S MOTION
                                                  FOR SANCTIONS
15 |          Defendants.                         (Doc. 96.)

16 |                                              THIRTY DAY DEADLINE FOR PLAINTIFF TO
                                                  SERVE INTERROGATORIES AS INSTRUCTED
17 | _____/              BY THIS ORDER

18

19 | **I.      RELEVANT PROCEDURAL HISTORY**

20 |         Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with

21 | this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original Complaint on January

22 | 18, 2008.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed on February 12,

23 | 2009, against defendants Chief Medical Officer ("CMO") A. Youssef, CMO S. Lopez, Dr. J. Akanno,

24 | Dr. S. Qamar, Dr. Vasquez, Registered Nurse ("RN") II M. Ali, and RN II M. Wright-Pearson

25 | ("Defendants") for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth

26 | Amendment.  (Doc. 26.)

27 |         On March 31, 2010, the Court issued a Discovery/Scheduling Order establishing a deadline of

28 | November 30, 2010 for completion of discovery, including motions to compel.  (Doc. 47.)  On October

1

27, 2010, Plaintiff filed a motion to compel further discovery responses from Defendants, and a motion for sanctions.[1]  (Docs. 96, 97.)  On November 10, 2010, Defendants filed an opposition.  (Doc. 107.)  On November 22, 2010, Plaintiff filed a reply to the opposition.  (Doc. 112.)  On November 22, 2010, Defendants filed a supplemental opposition.  (Doc. 109.)  Plaintiff's motion to compel and motion for sanctions are now before the Court.

## II.   PLAINTIFF'S ALLEGATIONS AND MEDICAL CLAIM AGAINST DEFENDANTS

The events alleged in the Second Amended Complaint occurred at Kern Valley State Prison ("KVSP") in Delano, California, while Plaintiff was incarcerated there.  On April 11, 2006, Plaintiff was transferred from Lancaster State Prison to KVSP, suffering from glaucoma and chronic lower back pain.

### *Plaintiff's Eyes*

In May 2006, Plaintiff experienced headaches and eye pain.  Plaintiff met with an optometrist and was fitted for glasses.  In September 2006, Plaintiff told defendant Dr. Akanno that his (Plaintiff's) eye had been sore and swollen for three weeks.  Dr. Akanno filled out an "urgent" request to be seen by a specialist, but Plaintiff was not seen.  Dr. Youssef denied the September 2006 referral.  Dr. Akanno filled out another request in November 2006, referring Plaintiff to optometry to have Plaintiff's eye pressure checked, due to loss of vision and continuing pain.  In February 2007, Plaintiff was seen by an optometrist and fitted for glasses. Plaintiff complained of eye pain and vision loss, asking if his eye pressure could be checked.  The optometrist said he did not have equipment to check the eye pressure, and referred Plaintiff to the ophthalmologist.  However, Plaintiff was not scheduled to be seen by the ophthalmologist.

In March 2007, Plaintiff filed an emergency prison appeal complaining about his medical care. Defendant RN Ali interviewed Plaintiff and told Plaintiff that if Plaintiff withdrew the appeal, he (Ali) would ensure that Plaintiff would be seen by an ophthalmologist within thirty days.  Defendants RN Ali and RN Wright-Pearson both agreed to these terms and signed off on the grievance.  In good faith, Plaintiff withdrew the grievance, but he was not scheduled to see an ophthalmologist.

---

[1] Defendants Akanno, Ali, Lopez and Youssef appeared in this action on March 30, 2010. (Doc. 45.) Defendants Qamar and Wright-Pearson appeared on December 20, 2010. (Doc. 124.) Defendant Vasquez appeared on April 5, 2011. (Doc. 169.) On January 28, 2011, discovery was reopened until March 31, 2011 for the limited purpose of conducting discovery between Plaintiff and defendants Qamar and Wright-Pearson only. (Doc. 142.)

In July 2007, Plaintiff re-submitted the withdrawn appeal.  Plaintiff's criminal appeal attorney wrote a letter to CMO Lopez about Plaintiff's inadequate medical care, and CMO Lopez wrote back assuring the attorney that Plaintiff's care was adequate, which it was not.

In August 2007, Plaintiff was examined by a specialist and given a series of eye tests.  It was discovered that Plaintiff had a partial loss of vision in his left eye.  The specialist requested follow-up care for Plaintiff, but Plaintiff was never returned to the specialist, and his eye pressure was not checked.

Plaintiff alleges that all of the defendants knew about his medical condition and the risk of losing vision in his left eye if treatment was denied or delayed.  The cause of the vision loss is not known because Plaintiff was not examined again by an ophthalmologist.  Plaintiff alleges that defendants Lopez and Youssef were responsible to ensure that the clinic provided timely appointments with the specialist, but they failed to do so.  Plaintiff alleges that defendants Ali and Wright-Pearson were responsible to ensure that Plaintiff was scheduled and seen in a timely manner, because they had assured Plaintiff he would be seen within thirty days after withdrawing his grievance.

Plaintiff suffered headaches, pain, and permanent partial loss of vision.

### ***Plaintiff's Lower Back***

In October 2006, Plaintiff submitted a Form 1824 Accommodation Request to have his  medical chronos renewed and for pain medication and/or surgery, due to pain in his lower back.  The Request was denied on April 16, 2007.

On April 11, 2007, Plaintiff was examined by Dr. Lewis who recommended that Plaintiff be seen by a pain management specialist, be seen by Dr. Langlos, and be issued a lower bunk chrono.  At the time, Plaintiff was forced to jump down from the top bunk fifteen to twenty times per day without assistance, causing him pain.  Plaintiff also suffered back pain at night because he did not have his medical mattress.

Plaintiff filed a petition for writ of habeas corpus, and the court conceded there were delays in Plaintiff's medical care.  An "Action Plan" was proposed by the court for Plaintiff's care.

Plaintiff alleges that defendants did no diagnostic testing after they knew about Plaintiff's problems, and treatment was denied or delayed.

///

1    Dr. Lewis examined Plaintiff on April 11, 2007 and prepared a report recommending treatment
2    for Plaintiff.  Plaintiff alleges that because of the report, each named defendant knew about his medical
3    needs.  Also, Plaintiff wrote a letter to the CMO regarding lack of testing or treatment for his lower back
4    pain.  Plaintiff personally requested of each defendant that he receive the care recommended by Dr.
5    Lewis.  Defendants Youssef and Lopez did not respond to Plaintiff's written notice, but defendants
6    Akanno, Qamar, and Vasquez personally denied Plaintiff the treatment, even after Plaintiff gave them
7    copies of his medical chronos.

8    Plaintiff had to wait sixteen months to see the pain management specialist and twelve months
9    to see Dr. Lewis for his six-week follow up.  Plaintiff alleges he did not receive medical care for his back
10   until the Federal Receiver became involved.

11   ***Eighth Amendment Medical Claim***

12   "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must
13   show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.
14   2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)).  The two-part test for
15   deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that
16   'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and
17   wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."
18   Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on
19   other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal
20   quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a
21   prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin,
22   974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or
23   intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians
24   provide medical care."  Id.  Where a prisoner is alleging a delay in receiving medical treatment, the
25   delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference
26   to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs,
27   766 F.2d 404, 407 (9th Cir. 1985)).

28   ///

4

"Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id</u>. at 1057 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id</u>. (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. <u>Id.</u> at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." <u>Id.</u> (citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

## III.   MOTION TO COMPEL

Plaintiff moves the Court for an order compelling defendants Akanno, Lopez, and Youssef to provide further responses to Plaintiff's interrogatories, and compelling defendants Akanno, Lopez, Youssef and Ali to provide further responses to Plaintiff's requests for production of documents.

### A.   Federal Rules of Civil Procedure 26(b), 33(a), 36(a) and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

1    Pursuant to Rule 33, an interrogatory may relate to any matter that may be inquired into under

2    Rule 26(b). Fed. R. Civ. P. 33(a)(2). "Unless otherwise stipulated or ordered by the court, a party may

3    serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed.

4    R. Civ. P. 33(a)(1).

5    Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure

6    when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R.

7    Civ. P. 37(a)(2)(3). An evasive or incomplete disclosure, answer, or response is to be treated as a failure

8    to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). It is well established that a failure to object

9    to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp.

10   v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (*citing* Davis v. Fendler, 650 F.2d

11   1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial

12   prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)

13   (citations omitted.).

14        **B.        Plaintiff's Arguments**

15   Plaintiff requests an order compelling defendants Akanno, Lopez, and Youssef to provide

16   responses to Plaintiff's interrogatories, and compelling defendants Akanno, Lopez, Youssef and Ali to

17   provide Plaintiff with access to documents from his medical file.

18   Plaintiff asserts that Defendants initially failed to respond to any of his interrogatories, in a ploy

19   to harass and delay the proceedings. Pltf's Decl., Doc. 98 at ¶5, Exh. 1. On August 21, 2010, Plaintiff

20   served Defendants with an informal request for responses to his discovery requests. Id. at ¶3, Exh. 1.

21   On October 14, 2010, Plaintiff received a response from Defendants, including defendant Ali's response

22   to interrogatories "set two" and defendant Lopez's response to Plaintiff's second request for admissions.

23   Id. at ¶4, Exh. 2. However, Defendants failed to respond to Plaintiff's interrogatories directed to

24   defendants Akanno, Lopez, and Youssef. Id. at ¶4. Plaintiff also asserts that he made numerous requests

25   for access to his medical files for discovery purposes, but Defendants and the prison failed to provide

26   him access to the documents requested. Id. at ¶6.

27   Plaintiff submits copies of the following documents in support of his motion: Defendants'

28   responses to Plaintiff's first request for admissions, dated July 12, 2010; defendant Lopez's response to

Plaintiff's interrogatories "set one," dated July 12, 2010;  defendant Akanno's response to Plaintiff's interrogatories "set one," dated July 12, 2010; defendant Youssef's response to Plaintiff's interrogatories "set one," dated July 12, 2010; Plaintiff's letter to Defendants, dated August 16, 2010, indicating that the parties had conferred by telephone to discuss Plaintiff's discovery requests; Plaintiff's letter to Defendants, dated August 21, 2010, requesting assistance in obtaining access to Plaintiff's medical files; defendant Ali's response to Plaintiff's interrogatories "set two," dated September 22, 2010; and defendant Lopez's response to Plaintiff's second request for admissions, dated October 4, 2010.  Exhs. 1-3 to Pltf's Decl., Doc. 98.

C.   **Defendants' Opposition**

Defendants Akanno, Lopez, and Youssef oppose Plaintiff's motion on the ground that they have already timely and properly objected to Plaintiff's interrogatories, and defendants Akanno, Lopez, Youssef, and Ali contend they have properly responded to Plaintiff's requests for production of documents.

With respect to interrogatories, Defendants assert that Plaintiff initially served separate sets of interrogatories on defendants Ali, Youssef, Akanno, and Lopez.  Pltf's Decl., Doc. 98 at 19-39.  The interrogatories contained subparts, causing each set to exceed Rule 33's limit of twenty-five interrogatories.  Id. at 13; Defts' Opp'n, Doc. 107 at 5-7 ¶II.  Defendants timely objected to the interrogatories.  Pltf's Decl., Doc. 98 at 19-39.  On August 12, 2010, Plaintiff and Defendants' counsel conferred by telephone and discussed the interrogatories and objections, and Plaintiff was invited to re-phrase his interrogatories and submit them.  Douglas Decl., Doc. 107-1 at ¶3.  On August 16, 2010, Plaintiff sent Defendants' counsel a letter with re-phrased interrogatories directed to defendant Ali only. Id. at ¶4; Pltf's Decl., Doc. 98 at 6.  On October 5, 2010, defendant Ali responded to the re-phrased interrogatories.  Pltf's Decl., Doc. 98 at 48-55.  Defendants argue that defendants Lopez, Akanno, and Youssef should not be required to serve further responses to interrogatories because the interrogatories, counting the subparts, exceed the limit of twenty-five; because Plaintiff's motion does not address which of Defendants' responses were objectionable; and because many of the interrogatories are objectionable because they are not calculated to lead to admissible evidence.

///

7

1    With respect to requests for production of documents, Defendants assert that they responded and

2    produced copies of documents except those documents available to Plaintiff by a request to his

3    correctional counselor.  Douglas Decl., Doc. 107-1 at ¶2, Exhs. C, D.

4         **D.      Plaintiff's Reply**

5    With respect to interrogatories, Plaintiff replies that he was not aware that his interrogatories

6    exceeded the twenty-five-interrogatory limit, due to subparts, until his conversation with Defendants'

7    counsel on November 10, 2010, and therefore Defendants' account of the August 12, 2010 telephonic

8    conversation is incorrect and Plaintiff was not informed about the excess interrogatories on August 12.

9    Pltf's Decl., Doc. 112 at 7 ¶1.  Plaintiff also argues that most of his interrogatories to defendants Lopez,

10   Youssef, and Akanno did not contain subparts that were inappropriate.  Pltf's Decl., Doc. 98 at 19-39.

11   Plaintiff argues that Defendants Akanno, Youssef, and Lopez should have answered the interrogatories

12   that did not contain subparts.  Plaintiff also argues that all of his interrogatories will lead to admissible

13   evidence.  Plaintiff requests that, should the Court determine that his interrogatories exceed the limit of

14   twenty-five, he be granted leave to re-serve the interrogatories in question.

15   With respect to requests for admissions, Plaintiff now asserts that the request for admissions is

16   not at issue in the present motion to compel.[2]

17   With respect to requests for documents, Plaintiff asserts that since May 2010, he has made

18   requests for access to his medical records, and although he was provided some of the records, he still

19   requires current records which reveal that transition glasses are required due to glaucoma and light

20   sensitivity.  Pltf's Reply, Doc. 112 at 4 ¶IV, 7 ¶2.

21   In reply to Defendants' argument that Plaintiff has not specified which discovery requests are

22   at issue, Plaintiff contends that he did inform the Court and the opposing party, in the motion to compel,

23   that the interrogatories to Lopez, Youssef and Akanno, and his requests for production of documents

24   were at issue.  Pltf's Decl., Doc. 98 at ¶¶3, 4, 5.

25   ///

26

27        [2]Although Plaintiff's motion at first sought an order compelling "disclosure or discovery of documents, interrogatories and admissions," Plaintiff has narrowed the issues to include only interrogatories and requests for copies of documents from his medical files.  Motion, Doc. 97 at 1; Reply, Doc. 112 at 4 ¶III, 5-6.  Therefore, the Court finds that

28   Plaintiff's motion to compel admissions is withdrawn from consideration.

1

E.    **Defendants' Supplemental Opposition**

2

Defendants reply that at Plaintiff's deposition of November 16, 2010, they agreed to provide

3

Plaintiff with copies of the medical records which were in Defendants' counsel's possession, and the

4

copies were mailed to Plaintiff on November 22, 2010.

5

F.    **Discussion**.

6

***Interrogatories***

7

Plaintiff argues that Defendants' actions amount to harassment, prejudicial delay, and annoyance.

8

Instead, the Court finds a misunderstanding between the parties as to Defendants' objections to

9

Plaintiff's interrogatories, and as to the parties' agreement on August 12, 2010 about what Plaintiff was

10

expected to do before re-submitting the interrogatories to Defendants.  Defendants argue that Plaintiff

11

is an experienced litigator and should have known what to do.  This argument belies the fact that the

12

parties now disagree about what was discussed during their August 12, 2010 telephonic conference.

13

Defendants' counsel declares that he explained to Plaintiff that because of the subparts, Plaintiff's

14

interrogatories exceeded twenty-five, and he invited Plaintiff to re-phrase all of the interrogatories,

15

promising that he would not consider the re-phrased interrogatories to be in violation of the rule of

16

twenty-five.  Douglas Decl., Doc. 107-1 at 2 ¶3.  Plaintiff asserts that the discussion during the August

17

12 conference focused on defendant Ali's responses to interrogatories and how Plaintiff should re-phrase

18

the interrogatories directed to defendant Ali.  Reply, Doc. 112 at 1.  Plaintiff claims that he did not

19

understand about "subparts" until Defendants' counsel explained it at a later telephonic conference on

20

November 10, 2010.  Id. at 1-2.  Plaintiff's letter to Defendants' counsel, dated August 16, 2010,

21

provides evidence of Plaintiff's understanding of the parties' agreement on August 12.  Exh. 1 to Pltf's

22

Decl., Doc. 98.  Plaintiff stated in the letter, "As discussed telephonically, I will delete some questions."

23

Id.  Plaintiff then indicated in the letter that he had deleted requests 9-18 from Akanno's interrogatories

24

but was re-submitting *all* of the interrogatories posed to defendants Lopez and Youssef.  Id.  Based on

25

this letter, it is apparent that Plaintiff was unaware of the significance of the subparts in his

26

interrogatories.  Otherwise, he would not have re-submitted *all* of the interrogatories to defendants

27

Lopez and Youssef without making any changes.  Id.

28

///

9

1    Plaintiff contends that his interrogatories were simple and relevant, and most of them did not
2    contain improper subparts.  Reply, Doc. 112 at 4 ¶II.  Defendants' evidence shows that many of
3    Plaintiff's interrogatories contained subparts or multiple subparts, which caused the number of
4    interrogatories to exceed the maximum of twenty-five.  Defts' Opp'n, Doc. 107 at 5 ¶2.  Under Rule
5    33(a)(1), "unless otherwise stipulated or ordered by the court," Plaintiff may serve on another party "no
6    more than 25 written interrogatories, *including all discrete subparts*."  Fed. R. Civ. P. 33(a)(1) (emphasis
7    added).  A single question asking for several bits of information relating to the *same topic* counts as one
8    interrogatory.  (E.g., "State the name, address and telephone number of each person present at the
9    meeting.")  See Safeco of America v. Rawstrom, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (subparts count
10   as one interrogatory "if they are logically or factually subsumed within and necessarily related to"
11   primary question).  However, questions seeking information about *separate subjects* count as several
12   interrogatories.  (E.g., "Were you ever discharged from any employment for incompetency or did you
13   ever sue a former employer for any reason?")  See Kendall v. GES Exposition Services, Inc., 174 F.R.D.
14   684, 686 (D. Nev. 1997); Collaboration Properties, Inc. V. Polycom, Inc., 224 F.R.D. 473, 475 (N.D.
15   Cal. 2004) (single interrogatory seeking information about 26 separate products in a patent case held to
16   contain 26 discrete subparts).

17   Plaintiff's argument that Defendants Akanno, Youssef, and Lopez were required to answer the
18   interrogatories that did not contain subparts is without basis.  Defendants have correctly stated that since
19   service of 25 interrogatories is not permitted under Rule 33(a)(1), the entire set of interrogatories is
20   improper, and Defendants can either object to the set as a whole or object to the excess.  Deft's Opp'n
21   at 5 ¶II.

22   Defendants argue that many of Plaintiff's interrogatories are not relevant, referring to
23   interrogatories concerning "arsenic in the drinking water, lymph nodes, cancer and other subjects
24   unrelated to Singleton's left eye and lower back."  Defts' Opp'n, Doc. 107 at 2:16-17, 9 ¶IV.  Plaintiff
25   argues, without explanation, that his interrogatories will lead to admissible evidence.[3]  Reply, Doc. 112

26   _____
27   [3]Defendants also contend that Plaintiff should have indicated in the present motion why the information requested
     in each interrogatory is relevant, but there is no evidence that Plaintiff knew about Defendants' objections based on relevance
28   before now.  Defendants made no objections based on relevance in their responses to the interrogatories, and the Court finds

10

1    at 2.   Without objections to individual interrogatories, the Court shall not address the relevance

2    argument.   However, Plaintiff is advised by this order that he is not permitted to pose interrogatories in

3    this action which are not relevant to any party's claim or defense in this action. Fed. R. Civ. P. 26(b)(1).

4           Defendants also argue that Plaintiff has not specified which of their responses to interrogatories

5    are evasive, "leaving the Court and Defendants' counsel to try to guess which responses Singleton

6    contends are evasive." Defts' Opp'n, Doc. 107 at 2:12-15.   The Court has reviewed Defendants'

7    responses and notes that every response to Plaintiff's fifty-seven interrogatories – twenty-one

8    interrogatories to defendant Lopez, eighteen interrogatories to defendant Akanno, and eighteen

9    interrogatories to defendant Youssef – was exactly the same:

10
                    "Defendant objects to this request on the grounds that it exceeds the
11               number of permissible interrogatories as provided in Federal Rule of
                 Civil Procedure 33, including discrete subparts.   Responding party
12               reserves all other objections."

13   Since every response was the same, it is not apparent how Plaintiff's analysis of the evasiveness of

14   individual responses would provide additional information to the Court or Defendants' counsel.

15          Given that a misunderstanding exists between the parties regarding Defendants' objections to

16   Plaintiff's interrogatories and the parties' agreement of August 12, Plaintiff shall be granted leave to re-

17   submit his interrogatories to defendants Akanno, Lopez, and Youssef, as instructed below in this order.

18          ***Requests for Medical Records***

19          Plaintiff asserts that he made numerous requests to Defendants and the prison since May 2010

20   for access to his prison medical records and/or copies of documents from his medical file, to no avail.

21   Motion, Doc. 98 at 2 ¶6; Reply, Doc. 112 at 2, 5.   In his August 16, 2010 letter to Defendants' counsel,

22   Plaintiff made a request to Defendants for production of medical documents and stated that he sought

23   access to his medical records on May 27, 2010, June 21, 2010, and August 1, 2010.   Exh. 1 to Pltf's

24   Decl., Doc. 98.   In the August 21, 2010 letter from Plaintiff to Defendants' counsel, Plaintiff states that

25   he received no response from prison officials regarding access to his medical files.   Exh. 3 to Pltf's

26   ///

27   _____

28   no evidence that Defendants made any such objections until they filed their opposition to the motion to compel on November 10, 2010.

1  Decl., Doc. 98.  However, Plaintiff has not provided any evidence that he requested an Olson review or

2  otherwise followed proper prison procedure to request access to his medical records.[4]

3       Under Rule 34(a), Plaintiff has the right to request from any party production of documents

4  "which are in the possession, custody or control of the party upon whom the request is served." Fed. R.

5  Civ. P. 34(a)(1).  However, the Court will not order Defendants to produce documents that are equally

6  accessible to both parties, and Defendants are not required to provide copies to Plaintiff so that Plaintiff

7  can avoid costs.  Defendants have provided Plaintiff with copies of the medical records in Defendants'

8  counsel's possession.  Deft's Suppl. Opp'n, Doc. 109; Pltf's Reply, Doc. 112 at 4-5 ¶IV.  Plaintiff was

9  also provided with copies of his medical records from outside-doctor Dr. Yaplee via a subpoena for

10  medical records.  Court Record, Doc. 150.  With regard to Plaintiff's records at the prison, Plaintiff's

11  medical records and non-confidential parts of his central file are available to him for inspection and

12  copying at the prison.  Plaintiff should make a request pursuant to the procedures in place at the prison.

13  Based on the foregoing, the Court shall deny Plaintiff's motion to compel Defendants to produce copies

14  of documents from Plaintiff's medical file.

15  **IV.     MOTION FOR SANCTIONS**

16       Plaintiff seeks monetary sanctions of $200.00 against Defendants for the cost of preparing the

17  motion to compel and the motion for sanctions.  Plaintiff maintains that Defendants have harassed him

18  with their intention to stall this litigation, and prejudiced him by delays causing witnesses and defendants

19  to lose their memories of events at issue in this action.  Plaintiff argues that sanctions should be imposed

20  because he was forced to take valuable time to prepare the motion to compel, instead of using his time

21  for self-development and rehabilitation.

22       Rule 37(a)(5)(A) provides that:

23       **If the Motion Is Granted (or Disclosure or Discovery Is Provided**
         **After Filing)**. If the motion is granted — or if the disclosure or
24       requested discovery is provided after the motion was filed — the court
         must, after giving an opportunity to be heard, require the party or
25       deponent whose conduct necessitated the motion, the party or attorney
         advising that conduct, or both to pay the movant's reasonable expenses
26  ///

27

28  [4] An Olson review is a review of a prisoner's central or medical files mandated by In re Olson, 37 Cal. App. 3d 783, 112 Cal. Rptr. 579 (1974).

incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). In this case, the Court finds that a misunderstanding exists between the parties with regard to Defendants' objections to the interrogatories and the terms of an agreement made by the parties at their telephonic conference. For this reason, the Court shall grant Plaintiff's motion to compel in part, requiring Defendants to provide further responses to interrogatories. Under these circumstances, the Court finds that an award of expenses to Plaintiff would be unjust. Therefore, Plaintiff's motion for sanctions shall be denied.

## V.    CONCLUSION

The Court has found that a misunderstanding exists between the parties. Therefore, Plaintiff's motion to compel shall be granted in part, and Plaintiff's motion for sanctions shall be denied.

Plaintiff shall be granted thirty days in which to re-serve interrogatories upon defendants Akanno, Lopez, and Youssef. Plaintiff may only serve 25 interrogatories upon each of the three named defendants, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Plaintiff has been instructed about subparts at Section III(F) of this order. If Plaintiff serves more than 25 interrogatories on a defendant, including subparts, the defendant may object to the entire set of interrogatories without answering any of them.

Plaintiff should only pose interrogatories that are relevant to his case. An interrogatory may relate to any matter "regarding any nonprivileged matter that is relevant to any party's claim or defense." Id. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Under Rule 26, "[R]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

13

admissible evidence." Fed. R. Civ. P. 26(b)(1).  If Plaintiff poses an interrogatory to a defendant requesting information that is not relevant to his case, the defendant may object to the interrogatory without answering it.

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion to compel discovery, filed on October 27, 2010, is GRANTED in part and DENIED in part;

2.     Plaintiff's motion to compel responses to interrogatories is GRANTED;

3.     Plaintiff is granted thirty days from the date of service of this order in which to serve interrogatories upon defendants Akanno, Lopez, and Youssef, as instructed by this order;

3.     Defendants Akanno, Lopez, and Youssef, shall serve responses to the interrogatories upon Plaintiff within forty-five days of the date of service of the interrogatories;

4.     Plaintiff's motion to compel production of documents from Plaintiff's medical file is DENIED; and

5.     Plaintiff's motion for sanctions, filed on October 27, 2010, is DENIED.


IT IS SO ORDERED.

**Dated:    May 9, 2011**            _____/s/ **Gary S. Austin**_____
                                             UNITED STATES MAGISTRATE JUDGE