IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. LOPEZ, et al.,<br><br>　　　　　Defendants. | 1:08-cv-00095 AWI GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AUTHENTICATION OF DOCUMENTS<br><br>(ECF NO. 190) |

　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action. Pending before the Court is Plaintiff's motion for authentication of documents.

　　　Plaintiff titles his motion as an "ex parte request for evidentiary hearing on documents submitted in summary judgment proceedings." Plaintiff appears to seek an evidentiary hearing in order to authenticate certain documents. Plaintiff indicates that he "just found out on August 18, 2011, that in order for documents to be authenticated, it must come from a custodial person or someone with personal knowledge." Plaintiff seek an extension of time of 60 days in order to authenticate medical records by way of admissions."

　　　On September 8, 2011, the Court entered an order, construing Plaintiff's request as motion to continue the motion for summary judgment. On September 12, 2011, Defendants filed an opposition to the motion. Pursuant to Federal Rule of Civil Procedure 56(d)(2), if Plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose the

1  motion, the Court may defer ruling on the motion to allow time for further discovery.
2  Defendants correctly argue that in order to gain a continuance under Rule 56(d), Plaintiff must
3  identify by affidavit the specific facts that further discovery would reveal, and explain why those
4  facts would preclude summary judgment.  <u>Tatum v. City and County of Sacramento</u>, 441 F.3d
5  1090, 1100 (9th Cir. 2006); <u>Tuvalu v. Woodford</u>, No. CIV S-04-1724 RRB KJM P, 2007 WL
6  2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).  Plaintiff has not identified any particular facts that
7  further discovery would reveal, nor has Plaintiff explained or argue how any particular discovery
8  would preclude summary judgment.

9  Regarding any issues with authentication, the Court will address any such issues, should
10 any of the documents referred to by Plaintiff come into issue regarding the pending motion for
11 summary judgment.

12 Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for extension of time to
13 authenticate documents is denied.

17 IT IS SO ORDERED.

18 **Dated:    January 26, 2012**              **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE

2