UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,<br><br>        Plaintiff,<br><br>    vs.<br><br>S. LOPEZ, et al.,<br><br>        Defendants. | 1:08-cv-00095-AWI-GSA-PC<br><br>ORDER IN RECONSIDERATION OF MOTION REMANDED BY THE NINTH CIRCUIT<br>(Doc. 208.)<br><br>AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF AN EXPERT<br>(Doc. 154.) |

**I.    BACKGROUND**

Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 18, 2008.  (Doc. 1.)

On March 27, 2012, the court granted summary judgment in favor of Defendants in this action and closed this case.  (Docs. 198, 199.)   On April 30, 2012, Plaintiff appealed the district court's judgment to the Court of Appeals for the Ninth Circuit.  (Doc. 200.)

On June 6, 2014, the Ninth Circuit issued an order affirming in part and reversing in part the district court's grant of summary judgment, remanding the case to the district court. (Doc. 208.)   The Ninth Circuit also remanded Plaintiff's motion for the appointment of an expert witness, for the district court "to consider in the first instance whether Federal Rule of

Evidence 706 supports the appointment of an expert in this case." (Id. at 6 ¶II.) The Ninth Circuit's mandate was issued on July 1, 2014. (Doc. 209.)

This case is now reopened at the district court and proceeds with Plaintiff's Second Amended Complaint filed on February 12, 2009, against defendants Chief Medical Officer (CMO) A. Youssef; S. Lopez, M.D.; J. Akanno, M.D.; S. Qamar, M.D.; Dr. Vasquez, M.D.; Registered Nurse II (RN) Ali; and RN Wright-Pearson, on Plaintiff's claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment, for delay in providing effective treatment for Plaintiff's back pain, and failure to respond to Plaintiff's eye pain and swelling. (Doc. 26.)

In compliance with the Ninth Circuit's order of June 6, 2014, the court now reconsiders and amends its March 14, 2011 order which denied Plaintiff's motion for the appointment of an expert witness. (Doc. 111.)

## II.   APPOINTMENT OF EXPERT WITNESS

On November 19, 2010, Plaintiff filed a motion for the appointment of an expert witness. (Doc. 111.) On December 6, 2010, Defendants filed an opposition to the motion. (Doc. 115.) On December 27, 2010 and March 7, 2011, Plaintiff filed replies to Defendants' opposition. (Docs. 128, 152.) On March 14, 2011, the court issued an order denying Plaintiff's motion, based on the "in forma pauperis statute[, which] does not authorize the expenditure of public funds for the purpose sought by Plaintiff." (Doc. 154.)

Upon reconsideration of the parties' arguments and in consideration of whether Federal Rule of Evidence 706 supports the appointment of an expert in this case, the court now amends its order.

**Legal Standards**

The court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "a witness who is qualified as an expert

by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . ." Fed. R. Evid. 702. While the court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the court should exercise caution.  Moreover, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D.Cal. 2012), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, Faletogo v. Moya, 2013 WL 524037, *2 (S.D.Cal. 2013).

**Discussion**

Plaintiff requests the appointment of an expert witness to determine whether glaucoma or some other medical condition caused partial blindness in his eye.  While Plaintiff argues that he is not seeking an expert witness for his personal benefit, but only to assist the court in its ruling, it is nonetheless apparent that Plaintiff seeks the appointment of an expert for the purpose of submitting a competing expert opinion so as to create a triable issue of fact.  (Doc. 111, Declaration of Kelvin X. Singleton, at 4 ¶3; Doc. 152, Supplemental Declaration, at 2:11-13.)  That is not the function of a neutral expert witness, and the Ninth Circuit has now determined that triable issues of fact exist, precluding summary judgment.  While the court is cognizant of the challenges an IFP litigant such as Plaintiff faces in retaining an expert witness, the IFP statute does not grant the court the authority to appoint expert witnesses on behalf of a party.  28 U.S.C. § 1915; See also Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995).

With respect to Plaintiff's eye treatment, the issue in this case is whether Defendants acted with deliberate indifference to Plaintiff's serious medical needs when they delayed treatment for his eye pain and swelling, not about his diagnosis.  Plaintiff argues that "[w]hether glaucoma or some other medical condition caused the blindness, defendants were

deliberately indifferent to [my] serious medical needs," (Doc. 111 at 2), and acknowledges that "[t]his case is not about my glaucoma, but regards the defendants delaying in the medical treatment when I complained of eye pain in which I suddenly los[t] vision in my left eye," (Doc. 111 at 5 ¶6.). While Plaintiff may be correct that the diagnoses of eye diseases can be complex, Plaintiff's allegations relating to pain and treatment are no more complex than those found in a majority of deliberate indifferent cases pending before this court. Honeycutt v. Snider, 2011 WL 6301429, *1 (D.Nev. 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases.")  The court does not require an expert witness to determine whether Defendants were deliberately indifferent.  Therefore, Plaintiff's request for the appointment of a medical expert witness shall be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of an expert witness, filed on November 19, 2010, is DENIED.

IT IS SO ORDERED.

Dated:   **July 17, 2014**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE