UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,<br><br>        Plaintiff,<br><br>   vs.<br><br>S. LOPEZ, et al.,<br><br>        Defendants. | 1:08-cv-00095-AWI-GSA-PC<br><br>ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL<br><br>THIRTY-DAY DEADLINE |

**I.    BACKGROUND**

Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 18, 2008.  (Doc. 1.)

On March 27, 2012, the court granted summary judgment in favor of Defendants in this action and closed this case.  (Docs. 198, 199.)  On April 30, 2012, Plaintiff appealed the district court's order and judgment to the Court of Appeals for the Ninth Circuit.  (Doc. 200.)  On June 6, 2014, the Ninth Circuit issued an order affirming in part and reversing in part the district

court's grant of summary judgment, remanding the case to the district court. (Doc. 208.) The Ninth Circuit "affirm[ed] the district court's grant of summary judgment with respect to the denial of accommodations to Singleton's back pain, but revers[ed] the grant of summary judgment with respect to the prison official's delay in providing effective treatment for that pain, and failure to respond to Singleton's eye pain and swelling." (Doc 208 at 6 ¶III.) The Ninth Circuit's mandate was issued on July 1, 2014. (Doc. 209.)

This case was reopened at the district court and now proceeds with Plaintiff's Second Amended Complaint filed on February 12, 2009, against defendants Chief Medical Officer (CMO) A. Youssef; S. Lopez, M.D.; J. Akanno, M.D.; S. Qamar, M.D.; Dr. Vasquez, M.D.; Registered Nurse II (RN) Ali; and RN Wright-Pearson, on Plaintiff's claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment, for delay in providing effective treatment for Plaintiff's back pain, and failure to respond to Plaintiff's eye pain and swelling. (Doc. 26.)

At this stage of the proceedings, the Court ordinarily proceeds to schedule the case for trial.

## II. SETTLEMENT PROCEEDINGS

The Court is able to refer cases for mediation before a participating United States Magistrate Judge. Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California. Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[1]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference. If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

---

[1] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

## III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall file a written response to this order with respect to the scheduling of a settlement conference.[2]

IT IS SO ORDERED.

   Dated:    **July 17, 2014**                              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.