UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,<br><br>       Plaintiff,<br><br>   vs.<br><br>A. HEDGEPATH, et al.,<br><br>       Defendants. | 1:08-cv-00095-AWI-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR ALL PARTIES TO THIS ACTION, FOR LIMITED PURPOSE<br>(Doc. 227.)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR TELEPHONIC CONFERENCE<br><br>**New Discovery Deadline:**   **10/30/15** |

## I. RELEVANT PROCEDURAL HISTORY

Kelvin X. Singleton ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 18, 2008. (Doc. 1.)

This case now proceeds with Plaintiff's Second Amended Complaint filed on February 12, 2009, against defendants Chief Medical Officer (CMO) A. Youssef; S. Lopez, M.D.; J. Akanno, M.D.; S. Qamar, M.D.; Dr. Vasquez, M.D.; Registered Nurse II (RN) Ali; and RN Wright-Pearson ("Defendants"), on Plaintiff's claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment, for delay in providing effective treatment for Plaintiff's back pain, and failure to respond to Plaintiff's eye pain and swelling. (Doc. 26.)

On February 5, 2015, the parties to this action appeared before Magistrate Judge Edmund F. Brennan for a settlement conference. After discussions with the Court, the case did not settle.

On February 9, 2015, the court issued an order requiring the parties to file status reports addressing their readiness for trial. (Doc. 226.) On March 6, 2015, Plaintiff filed a motion to reopen discovery. (Doc. 227.) On March 12, 2015, Plaintiff filed a status report, requesting the court to schedule a telephonic status conference in this case. (Doc. 229.) On April 10, 2015, Defendants filed an opposition to Plaintiff's motion to reopen discovery. (Doc. 231.) On April 17, 2015, Plaintiff filed a reply to the opposition. (Doc. 232.)

Plaintiff's motion to reopen discovery and request for a telephonic status conference are now before the court.

## II.    MOTION TO REOPEN DISCOVERY

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

### A.    Plaintiff's Position

Plaintiff requests the court to reopen the discovery phase for this action, allowing him to conduct further limited discovery before trial. Plaintiff argues that Defendants did not provide him with the means to develop the full factual record during the period of his self-representation, which he requires to adequately prepare for and proceed to trial.[1] Plaintiff argues that this case has not been properly discovered, despite Plaintiff's diligence, and Plaintiff will be severely prejudiced if he is forced to proceed to trial without further discovery.

---

[1] Plaintiff filed this action as a pro se litigant and proceeded to represent himself throughout the proceedings. On March 27, 2012, Defendants were granted summary judgment and the case was closed. (Docs. 1, 198.) Plaintiff's current counsel of record represented him on appeal from the court's summary judgment decision, and continues to represent him here.

Plaintiff asserts that he propounded written discovery immediately following the court's first discovery and scheduling order on March 31, 2010. In April 2010, Plaintiff served interrogatories, requests for admissions, and requests for production on then-Defendants Ali, Akanno, Lopez, and Youssef. (Docs. 71, 107.) Defendants ultimately refused to produce any of Plaintiff's medical records, and served boilerplate and misplaced objections to Plaintiff's interrogatories and requests for admission. (Docs. 107-4 at 1-16, 98 at 13-17, 19-39.) Because of his limited resources and status as an incarcerated individual without legal representation, Plaintiff was unable to obtain any further affirmative discovery, was unable to depose any of the Defendants, and effectively served only one subpoena on one third-party witness. (Decl. of Kelvin Singleton ¶11.) In August 2010, Plaintiff requested further responses from Defendants, and included revised interrogatories more narrow in scope. (Doc. 98 at 6.) Defendants Akanno and Youseff never filed revised responses to any of the written discovery. Defendant Ali served revised responses to the interrogatories only, but his answers were incomplete and evasive. (Id. at 48-50.) Defendant Lopez served revised responses to the requests for admission, objecting to or denying each request. (Id. at 42-46.) Plaintiff filed a motion to compel the defendants to respond. (Doc. 97.) While waiting for the court to rule on his motion to compel, the initial discovery deadline ended in November 2010. The court did not rule on the motion until May of the following year. (Doc. 183.)

In December 2010, defendants Qamar and Wright-Pearson appeared in this action. Shortly thereafter, Plaintiff filed a partial motion for summary judgment, and on February 22, 2011, Defendants filed a cross-motion for summary judgment. (Docs 132, 147.) The court re-opened discovery for the limited purpose of conducting discovery as to Plaintiff's claims against the newly-joined defendants Qamar and Wright-Pearson. (Doc. 142.) Discovery was not reopened against defendant Vasquez.[2] After more than a year of unsuccessful discovery,

///

---

[2] On March 14, 2011, defendant Vasquez filed a Waiver of Service executed on February 28, 2011. (Doc. 155.) On March 30, 2011, defendant Vasquez appeared in the case, and filed an Answer on April 5, 2011. (Docs. 168, 169.)

Plaintiff believed that additional discovery would prove unavailing and instead focused his efforts on responding to the Defendants' pending motion for summary judgment. (Id.)

In May 2011, the court finally ruled on Plaintiff's motion to compel and granted him an additional 30 days to re-serve interrogatories on defendants Akanno, Lopez, and Youseff. (Doc. 183.) However, before Plaintiff could take advantage of the reopened discovery period, the court ruled that it would not accept for consideration any additional documents in support of either Plaintiff's or Defendants' pending motions for summary judgment. (Doc. 186.)

On March 27, 2011, the court ruled on Defendants' motion for summary judgment. (Docs. 196, 198.) The Ninth Circuit reversed the decision on June 6, 2014, finding that Plaintiff has multiple viable deliberate indifference claims.

After the case failed to settle at the court's settlement conference on February 5, 2015, counsel for Plaintiff attempted to reach an agreement with Defendants as to additional discovery necessary for trial, but Defendants' counsel refused to meet and confer, and stated on February 26, 2015: "I believe there is nothing left to discuss. I suggest that you bring your motions." (Decl. of Johndro ¶5.)

Plaintiff argues that certain limited discovery is necessary to adequately prepare for trial in this case:

(1)   Production of Plaintiff's Unified Health Record;

(2)   A complete record of Plaintiff's CDCR-602 appeal;

(3)   Depositions of each of the individual Defendants to determine their state of mind at all relevant times;

(4)   Third-party subpoenas for the medical specialists that have treated Plaintiff's back, eye, and blood conditions; and

(5)   Expert witness testimony to assist the trier of fact with the issue of causation.

**B.   Defendants' Position**

Defendants oppose Plaintiff's motion on the grounds that Defendants cooperated with Plaintiff during the prior discovery phase, Plaintiff has had ample time and opportunity to participate in discovery, Plaintiff is an experienced and skilled pro se litigator, Defendants'

objections to Plaintiff's discovery requests had merit, Plaintiff failed to use due diligence in seeking discovery, Plaintiff fails to identify what specific relevant facts further discovery would reveal, and Defendants will suffer prejudice if discovery is reopened.

Defendants submit evidence that Plaintiff represented himself in dozens of cases from 1995 to 2010, and filed over forty civil cases, habeas corpus proceedings, and appeals in state and federal court. (Doc. 107-2 at 1-5.) Defendants also assert that in the present case, Plaintiff filed approximately two dozen motions, and objections to the Magistrate's findings and recommendations, in which he showed a high level of sophistication, organization, clarity, and logic.

Defendants assert that Plaintiff initially had eight months to conduct discovery, (Doc. 47), and discovery was later reopened to permit Plaintiff to serve additional discovery, (Docs. 134, 142). Defendants assert that Plaintiff served two sets of interrogatories to multiple defendants, two sets of requests for admission, two requests for production of documents to multiple defendants, and a subpoena duces tecum to Dr. Yaplee for Plaintiff's entire medical file.

When Defendants objected to the interrogatories because, with subparts, they exceeded the limit of 25 under Rule 25, (see Doc. 98 at 19-39), the court found that Defendants' objections had merit and Defendants' refusal to answer the interrogatories was proper, (Doc. 183 at 10). On August 12, 2010, Defendants' counsel met and conferred with Plaintiff to try to avoid a motion to compel and asked Plaintiff to serve a set of new interrogatories, promising not to consider the re-phrased interrogatories in violation of the rule of twenty-five. (Doc. 107-1.) Plaintiff sent re-phrased interrogatories for defendant Ali only, and did not re-phrase interrogatories to defendants Lopez, Akanno, or Youssef. (Id.) The court found that the attempt to meet and confer failed because of a mutual misunderstanding, and that Defendants' actions were not in bad faith. (Doc. 183 at 9:7-10, 13:6-11.) The court granted Plaintiff leave to serve 25 additional interrogatories on each of the three Defendants Lopez, Akanno, and Youssef, (Doc. 183 at 13-14), which Plaintiff did, (Doc. 227-2 at 2), and the three defendants served their responses on July 11, 2011, (Decl. of Douglas ¶4).

When Defendants objected to Plaintiff's request for production of his medical file because it was equally available to Plaintiff, (Docs. 107-4, 107-5), the court found that this objection was meritorious, (Doc. 183 at 12:3-14). When Plaintiff told Defendants' counsel he was unable to get copies of the medical file, counsel sent him all the medical records in counsel's possession. (Docs. 109, 183 at 12:7-10.) Defendants' counsel recently offered to provide Plaintiff's counsel with all of Plaintiff's medical records in electronic form, and production is in progress. (Decl. of Douglas ¶2.)

Defendants argue that Plaintiff was not diligent in seeking discovery, because he repeatedly failed to tell the court that he was unable to thoroughly conduct discovery. Defendants assert that Plaintiff served multiple discovery requests and received responses from Defendants, but did not move to compel further responses. Defendants argue that by not doing so, the court and Defendants could assume that Plaintiff was satisfied with the responses, and when Plaintiff offered to withdraw his motion to compel if allowed to serve 25 additional interrogatories to each of three defendants, the court could conclude that allowing those additional interrogatories satisfied Plaintiff's discovery needs. When Plaintiff filed his opposition to Defendants' motion for summary judgment on March 25, 2011, filed a motion to submit additional evidence on May 16, 2011, and moved for an evidentiary hearing to authenticate medical records on August 25, 2011, Plaintiff did not argue that he was unable to thoroughly conduct discovery. (Docs. 162, 184, 190.)

Defendants also assert that Plaintiff's counsel did not argue in Plaintiff's appeal that Plaintiff was somehow prevented from conducting meaningful discovery, and did not request that discovery be reopened on remand. (Case No. 12-16036, Doc. 36-1.) Defendants assert that Plaintiff was not diligent in seeking to reopen discovery after the appeal, as Plaintiff's counsel filed an appearance on August 17, 2014, (Doc. 213), but did not move to reopen discovery until seven months later, (Doc. 227).

Defendants also argue that Plaintiff fails to show the necessity of reopening discovery, because he has not identified what specific facts discovery would reveal, and how those facts are related to the remaining narrow issues to be tried. Defendants argue that it is prejudicial to

require Defendants to participate in depositions about events that took place more than eight years ago, when Plaintiff will soon have the primary medical evidence he needs: copies of Plaintiff's medical records in electronic form.  Defendants cite cases that did not reopen discovery after remand because it increases litigation costs and delays resolution of the case.  Defendants argue that allowing Plaintiff to conduct discovery after remand will give him an enormous advantage because he will have the benefit of knowing Defendants' arguments and evidence revealed in their motion for summary judgment, and the court's and Ninth Circuit's leanings on the evidence and issues.

### C.     **Discussion**

It is plain from a review of the court's record for this case that Plaintiff is entitled to further discovery.  During the prior discovery phase, Plaintiff had no opportunity to conduct discovery against defendant Vasquez, and he was not given sufficient time to complete the exchange of discovery with defendants Qamar and Wright-Pearson.

There is little evidence on the record that Plaintiff was not diligent about litigating this lawsuit or pursuing discovery.  From the time the original Complaint was filed, Plaintiff sought to move the case along and responded timely to court orders.  (Docs. 9, 14, 15, 22.)  When discovery was opened, Plaintiff propounded interrogatories, requests for admission, and requests for production of documents upon the defendants who had appeared in the case.  (Docs. 71, 107.)  Plaintiff also filed a motion to compel further responses from defendants, and successfully issued a subpoena duces tecum upon a third party.  (Docs. 97, 100.)

However, despite Plaintiff's diligence and knowledge of court procedure from prior pro se litigation, Plaintiff does not possess the knowledge of an attorney, and his incarceration undeniably limits his ability to pursue all means of discovery.  Plaintiff is not knowledgeable about all aspects of discovery; for example, it is apparent from the record that Plaintiff did not comprehend the effect of subparts on the limit of twenty-five interrogatories.  (Doc. 98 ¶5.)

Defendants will certainly suffer some prejudice if discovery is reopened.  However, the court must allow Plaintiff the discovery he is entitled to under the Federal Rules, even if Defendants are required to expend time and resources to participate.  While Plaintiff has not

identified what specific relevant facts further discovery would reveal, any further discovery will be limited to the Eighth Amendment claims upon which Plaintiff now proceeds pursuant to the Ninth Circuit's order: "[T]he prison official's delay in providing effective treatment for [back] pain, and failure to respond to [Plaintiff's] eye pain and swelling." (Doc. 208 at 6 ¶III.) Plaintiff estimates that six months will be sufficient to complete the necessary discovery, which will not cause undue delay in this litigation.  Defendants have already agreed to provide Plaintiff with an electronic copy of his complete health record, (Douglas Decl., Doc. 231-1 ¶2), and the relevant portions of Plaintiff's CDCR-602 appeal record should be readily available. However, the court finds it excessive to allow Plaintiff to conduct depositions of all of the Defendants at this late stage of the proceedings.  It is sufficient that Plaintiff be provided with Plaintiff's medical records.  Moreover, Plaintiff has not established the relevance to this case of medical records from third-party specialists who treated Plaintiff for a blood condition. Therefore, Plaintiff's request to pursue such discovery shall be denied.

Based on the foregoing, good cause exists to modify the scheduling order and reopen discovery for limited purpose, given that pro bono counsel was appointed for Plaintiff after the prior discovery phase was closed.  Therefore, Plaintiff's motion to reopen discovery shall be granted, for limited purpose.

## II.     REQUEST FOR TELEPHONIC CONFERENCE

Plaintiff requests the court to schedule a telephonic conference in this case, to discuss the status of this case and a schedule for proceeding to trial.  In light of the fact that discovery is being reopened by this order, and trial shall not be scheduled until a later stage of the proceedings, the court finds Plaintiff's request to be premature.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen discovery, filed on March 16, 2015, is GRANTED;
2. Plaintiff is limited to pursuing the following discovery, as relevant to the claims upon which this case now proceeds:

   (1) Production of Plaintiff's Unified Health Record;

   (2) Plaintiff's CDCR-602 appeal record;

   (3) Third-party subpoenas for the medical specialists that have treated Plaintiff's back and eye conditions; and

   (4) Expert witness testimony to assist the trier of fact with the issue of causation;

3. Plaintiff's request to conduct depositions on all of the Defendants is DENIED;

4. Plaintiff's request to issue third-party subpoenas for the medical specialists that have treated Plaintiff's blood condition is DENIED; and

5. Discovery is now reopened, and the new discovery deadline for all parties to this action, including the filing of motions to compel, is **October 30, 2015**.

IT IS SO ORDERED.

 Dated: **April 24, 2015**       **/s/ Gary S. Austin**
                 UNITED STATES MAGISTRATE JUDGE