IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,<br><br>  Plaintiff,<br><br>  v.<br><br>S, LOPEZ, et al.,<br><br>  Defendants.<br>_____/ | 1:08-cv-00095-AWI-EPG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING QUASHING SUBPOENAS**<br><br>(Doc. 241) |

Plaintiff Kelvin Singleton brought this action under 42 U.S.C. § 1983 for alleged deliberate indifference to serious medical needs in violation of the Eighth Amendment. Doc. 26. This Court initially granted summary judgment against Singleton. Doc. 198. The Ninth Circuit, however, reversed in part and remanded the matter for trial. Doc. 208. On April 24, 2015, the Magistrate Judge granted in part Singleton's motion to reopen discovery. Docs. 227, 233. A discovery dispute ensued over this order. Doc. 237. The Magistrate Judge resolved the dispute by quashing deposition subpoenas that had previously been issued by Singleton. Doc. 238. Now before the Court is Singleton's motion for reconsideration of the Magistrate Judge's order

1

quashing the deposition subpoenas. Doc. 241. For the reasons that follow, the Court denies Singleton's motion for reconsideration and remands for further proceedings consistent with this order.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Singleton originally filed his complaint to commence this action on January 18, 2008. Doc. 1. He subsequently filed a First Amended Complaint and then the currently operative Second Amended Complaint ("SAC"). Docs. 14, 26. The SAC raises one cause of action: deliberate indifference to serious medical needs in violation of the Eight Amendment. Doc. 26, 14:2-24. Singleton, however, claimed that officials at Kern Valley State Prison were deliberately indifferent to two separate medical conditions during his confinement there from 2006 to 2008. First, he alleged that prison officials were deliberately indifferent to his back pain based on (A) their refusal to grant certain accommodations to prison policies and (B) the substantial delay he faced in receiving effective pain treatment. Doc. 26, 10:17-11:27. Second, he alleged that prison officials were deliberately indifferent to a serious medical need in failing to provide treatment for eye pain and swelling that led to vision loss. Id. at 7:16-10:16.

On March 27, 2012, this Court adopted the Magistrate Judge's Findings and Recommendations that summary judgment be granted against Singleton. Docs. 196, 198. On appeal, the Ninth Circuit reversed in part this Court's order. Doc. 208. The Ninth Circuit found that this Court had correctly granted summary judgment on the deliberate indifference for back pain claim based upon the refusal to grant certain accommodations. Id. at 2-3. Conversely, the Ninth Circuit reversed this Court's grant of summary judgment on the deliberate indifference to back pain claim based upon a delay in treatment and on the deliberate indifference to eye pain

and swelling claim based upon a failure to provide treatment. Id. at 3-4. The matter was remanded back to this Court for trial.

After the matter returned to this Court, Singleton filed a motion to reopen discovery. Doc. 227. Singleton sought discovery on:

> "• Further written discovery on all Defendants narrowly tailored to discover facts essential to the development of his claims;
> • Production of key documentary evidence, including but not limited to a complete copy of Mr. Singleton's Unified Health Record and the administrative record in this case;
> • Depositions of each of the Defendants;
> • Third-party subpoenas for the medical specialists that have treated Mr. Singleton's back, eye, and blood conditions, including but not limited to Dr. Lewis, Dr. Jumao, Dr. Parmar, Dr. Yaplee, Dr. Chang, Dr. Wright and Dr. Wilkinson; and
> • The exchange of expert witness designations and related expert information pursuant to Rule 26(a)(2)."

Doc. 227, 12:18-13-2. On April 24, 2015, the Magistrate Judge granted the motion to reopen discovery, but only for a limited purpose. Doc. 233. That purpose was:

> "2. Plaintiff is limited to pursuing the following discovery, as relevant to the claims upon which this case now proceeds:
>    (1) Production of Plaintiff's Unified Health Record;
>    (2) Plaintiff's CDCR-602 appeal records;
>    (3) Third-party subpoenas for the medical specialists that have treated Plaintiff's back and eye conditions; and
>    (4) Expert witness testimony to assist the trier of fact with the issue of causation;
> 3. Plaintiff's request to conduct depositions on all of the Defendants is DENIED;
> 4. Plaintiff's request to issue third-party subpoenas for the medical specialists that have treated Plaintiff's blood condition is DENIED."

Id. at 8:27-9:9. The Magistrate Judge explained:

> "[T]he court finds it excessive to allow Plaintiff to conduct depositions of all of the Defendants at this late stage of the proceedings. It is sufficient that Plaintiff be provided with Plaintiff's medical records. Moreover, Plaintiff has not established the relevance to this case of medical records from third-party specialists who treated Plaintiff for a blood condition. Therefore, Plaintiff's request to pursue such discovery shall be denied."

Doc. 233, 8:9-13.

3

Singleton subsequently served deposition subpoenas on Dr. Steven Yaplee, Dr. Marshall Lewis, and Dr. Ashok Parmar, all of whom treated Singleton on several occasions. Doc. 239, 1:26-28; Doc. 241, 42. However, a discovery dispute ensued over the lawfulness of these deposition subpoenas. Doc. 241-1, 42-47. On August 17, 2015, the parties submitted a Joint Statement Regarding August 20, 2015 Discovery Dispute Hearing. Id. On August 20, 2015, the Magistrate Judge held an informal telephonic conference call with the parties to resolve the dispute. Doc. 237, Doc. 239, 1:26-28. The Magistrate Judge held that his prior order of April 24, 2015 did not give Singleton leave to serve deposition subpoenas. Doc. 239, 2:3-7. On August 25, 2015, the Magistrate Judge issued an order with this ruling and therefore quashed the deposition subpoenas served on Dr. Steven Yaplee, Dr. Marshall Lewis, and Dr. Ashok Parmar. Id. at 2:3-7.

On September 3, 2015, Singleton filed a motion for reconsideration of the Magistrate Judge's August 25, 2015 order. Doc. 241. Patrick Justman, Singleton's attorney, attached a declaration under penalty of perjury to this motion declaring that during the August 20, 2015 telephonic conference the Magistrate Judge stated:

> "(1) when granting 'third-party subpoenas' he only intended to allow document subpoenas, (2) the Court possesses nationwide subpoena power for trial and can therefore ensure the attendance of Dr. Lewis, Dr. Parmar, and Dr. Yaplee; (3) it was unlikely that the witnesses would have any independent recollection of the events that transpired several years ago, and thus depositions would prove unfruitful; and (4) the depositions would be duplicative as Plaintiff would presumptively have the opportunity to depose these witnesses as experts."

Doc. 241-1, 2:21-28. Aside from holding that the Court's order of April 24, 2015 did not give Singleton leave to serve deposition subpoenas, this reasoning, however, is not in the Magistrate Judge's August 25, 2015 order now in dispute.

4

On September 10, 2015, Defendants filed an opposition to the motion for reconsideration. Doc. 243. Singleton replied. Doc. 245. The matter was taken under submission and no oral arguments have been held.

**II.     LEGAL STANDARD**

"Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including [¶] (1) when and to what Judge or Magistrate Judge the prior motion was made; [¶] (2) what ruling, decision, or order was made thereon; [¶] (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [¶] (4) why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j). Reconsideration of motions may also be granted under the standards applicable to reconsideration of a final judgment under Federal Rule of Civil Procedure 59(e). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

**III.    ANALYSIS**

Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds Singleton has failed to meet the foregoing standard for

5

reconsideration. Singleton argues that the Magistrate Judge erred because the plain meaning of the term "subpoena" within the April 24, 2015 discovery order includes deposition subpoenas as defined by Federal Rule of Civil Procedure 45(a)(1)(A)(iii). Doc. 241, 3:18-4:2. This rule provides that "[e]very subpoena must: . . . command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). This rule, however, is clear that "attend and testify" is a sufficient condition, and not a necessary condition, of a subpoena. While the Magistrate Judge's April 24, 2015 order did not explicitly exclude depositions from "[t]hird-party subpoenas," the context and rationale of the order supports that this was not the sufficient condition the Magistrate Judge intended when he reopened discovery for "[t]hird-party subpoenas for the medical specialists that have treated Plaintiff's back and eye conditions." Doc. 233, 9:3-4. First, the Magistrate Judge excluded depositions of all the Defendants as "excessive . . . at this late stage of the proceedings" and because "[i]t is sufficient that Plaintiff be provided with the Plaintiff's medical records." Id. at 8:9-11. The same rationale would apply to the medical specialists. Second, the Magistrate Judge excluded in the judgment, as not relevant, "medical records from third-party specialists who treated Plaintiff for a blood condition," but in the order instead of excluding "medical records" he mirrored the language used by Singleton in denying "third-party subpoenas for the medical specialists that have treated Plaintiff's blood condition" and also in allowing "[t]hird-party subpoenas for the medical specialists that have treated Plaintiff's back and eye condition." Id. at 8:11-13, 9:3-4, 9:8-9. This strongly suggests that his references to "third-party subpoenas" in the order are in reference to subpoenas for "medical records." Third, Singleton specifically requested depositions of the

Defendants in his motion to reopen discovery, but failed to specifically request depositions of medical specialists. Doc. 227, 12:18-13-2. Accordingly, this Court finds that the Magistrate Judge's August 25, 2015 order interpreting his own April 24, 2015 order is not clearly erroneous or contrary to law.

Singleton also makes several arguments related to the Magistrate Judge's decision to not permit deposition subpoenas for the third-party medical specialists. He argues that the Magistrate Judge based his decision on the mistaken belief that the Court possesses nationwide subpoena power for trial and can therefore ensure Dr. Steven Yaplee, Dr. Marshall Lewis, and Dr. Ashok Parmar's attendance at trial so depositions were unnecessary. Doc. 241, 4:3-8. He then argues that the Magistrate Judge has so severely limited Singleton's ability to depose Defendants and third-parties that it will allow Defendants to engage in trial by ambush. Id. at 4:9-16. Singleton further argues that the Magistrate Judge erroneously based his decision on the assumption that Singleton will be able to depose these parties during the expert discovery period and that, in any event, the witnesses likely would not possess independent recollection of the events at issue. Id. at 4:17-24. These arguments, however, address the Court's underlying April 24, 2015 order. A motion for reconsideration of this order is not timely. The August 25, 2015 order, the motion for reconsideration is based upon, simply "held that the court's order of April 24, 2015 (ECF No. 233) did not give Plaintiff leave to serve deposition subpoenas." Doc. 239, 2:4-5. Now at issue is whether Magistrate Judge's interpretation of his April 24, 2015 order is clearly erroneous or contrary to law. This Court finds that it is not. The Court further finds that the April 24, 2015 order put Singleton sufficiently on notice that deposition was likely not a sufficient condition intended by the Magistrate Judge when he reopened discovery for the listed "[t]hird-party subpoenas."

7

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. 241) of the Magistrate Judge's August 25, 2015 order quashing deposition subpoenas is DENIED; and

2. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   November 2, 2015                                    _____
                                                                              SENIOR DISTRICT JUDGE

8